STATE of Wisconsin EX REL. Barry Lee SMALLEY, Petitioner,†

v.

Kenneth R. MORGAN, Warden, Racine Correctional Institution, Respondent.

Court of Appeals

*No. 96–2842–W. Submitted on petition October 2, 1996.—Decided May 21, 1997.*

(Also reported in 565 N.W.2d 805.)

†Petition to review dismissed.

 

On behalf of the petitioner, the cause was submitted on the petition of Barry Lee Smalley, *pro se*, of *Oshkosh*.

No memorandum was submitted by the respondent.

Before Snyder, P.J., Nettesheim and Anderson, JJ.

PER CURIAM. Barry Lee Smalley, proceeding pro se, has filed a petition for a writ of habeas corpus under *State v. Knight,* 168 Wis. 2d 509, 484 N.W.2d 540 (1992), alleging that his appointed counsel was ineffective for failing to pursue an appeal on his behalf. Because we conclude that Smalley did not timely file his petition, we deny it ex parte. *See* RULE 809.51(2), STATS.

Smalley's petition alleges that he is imprisoned pursuant to an August 1988 judgment of conviction in Kenosha county circuit court case No. 87-CF–372. Smalley was convicted as a repeat offender of two counts of second-degree sexual assault contrary to § 940.225(2)(a), STATS., 1987–88, and one count of incest contrary to § 944.06, STATS., 1987–88, after pleading no contest. The state public defender appointed counsel to represent Smalley after his conviction. Smalley's petition alleges that appointed counsel neither pursued a RULE 809.30, STATS., appeal

on his behalf nor filed a no merit report pursuant to RULE 809.32, STATS. Smalley alleges that counsel "never officially informed [him] of her withdrawal" and that he was not given an opportunity to consent in writing to counsel's withdrawal. Smalley alleges that counsel's actions denied him a direct appeal from the judgment of conviction. He petitions this court to reinstate his right to appeal from the August 1988 conviction.

Before we turn to the merits of Smalley's petition, we address whether it has been brought in the proper forum. The proper forum for challenging the effectiveness of appellate or postconviction counsel depends upon the deficiency alleged. In *State ex rel. Rothering v. McCaughtry,* 205 Wis. 2d 675, 556 N.W.2d 136 (Ct. App. 1996), we distinguished between appellate counsel and postconviction counsel. While postconviction and appellate counsel are often the same person, *see id.* at 678 n.4, 556 N.W.2d at 138, their functions differ. Appellate representation involves briefing and oral argument in this court. *See id.* at 678-79, 556 N.W.2d at 138. Postconviction representation involves proceedings in the trial court where such are a prerequisite to filing a notice of appeal. *See id.* at 678 n.3, 556 N.W.2d at 137.

There are three scenarios under which a defendant may challenge counsel's representation subsequent to conviction. Under *Knight,* a claim of ineffective assistance of appellate counsel is properly raised by a petition for a writ of habeas corpus in the appellate court which heard the defendant's direct appeal. *See Knight,* 168 Wis. 2d at 512–13, 484 N.W.2d at 541. However, under *Rothering*, where the alleged deficiencies relate to action or inaction by postconviction counsel, the ineffective assistance claim

should be raised in the circuit court either by a petition for a writ of habeas corpus or a motion under § 974.06, STATS. *See Rothering,* 205 Wis. 2d at 672–74, 556 N.W.2d at 138–39.

The third scenario is presented by Smalley's petition. Smalley complains that appointed counsel did not file a no merit report under RULE 809.32, STATS.,[1] or pursue a RULE 809.30, STATS.,[2] appeal on his behalf. Counsel's failure to commence an appeal under either RULE 809.30 or 809.32, regardless of whether such an appeal had to be preceded by a postconviction motion,[3] can be challenged by a *Knight* petition in this court

---

[1] RULE 809.32(1), STATS., provides that "[i]f an attorney appointed under s. 809.30 or ch. 977 is of the opinion that further appellate proceedings on behalf of the defendant would be frivolous and without any arguable merit within the meaning of *Anders v. California,* 386 U.S. 738 (1967), the attorney shall file with the court of appeals 3 copies of a brief [or no merit report] in which is stated anything in the record that might arguably support the appeal and a discussion of why the issue lacks merit." The defendant may respond to the brief and this court independently reviews the record to determine whether further appellate proceedings would be frivolous and without arguable merit. *See id.; see also State ex rel. Flores v. State,* 183 Wis. 2d 587, 605–06, 516 N.W.2d 362, 367 (1994). A no merit report under RULE 809.32 is an approved method by which appointed appellate counsel discharges the duty of representation. *See Flores,* 183 Wis. 2d at 605–06, 516 N.W.2d at 367. Counsel filing a no merit report seeks to withdraw from the defendant's case. *See id.* at 605, 516 N.W.2d at 367.

[2] RULE 809.32, STATS., does not apply to privately retained counsel. However, privately retained counsel's failure to pursue a RULE 809.30, STATS., appeal is cognizable in this court.

[3] *See* § 974.02(2), STATS. (only appellate challenges to the sufficiency of the evidence and to matters previously raised in the trial court need not be preceded by a postconviction motion).

because counsel's inaction in this court is at issue. *See State ex rel. Flores v. State,* 183 Wis. 2d 587, 602, 516 N.W.2d 362, 366 (1994) (claim of ineffective assistance of appellate counsel due to failure to file no merit report is addressed in *Knight* petition filed in court of appeals).

We so hold with regard to RULE 809.30, STATS., appeals because the deadlines contained in RULE 809.30 are subject to the control of this court. *See* RULES 809.01(4) and 809.82(2), STATS.; *see also State v. Harris,* 149 Wis. 2d 943, 945–46, 440 N.W.2d 364, 365 (1989). It is most likely that the RULE 809.30 deadlines will have expired before a defendant complains to this court that counsel abandoned him or her.

We so hold with regard to RULE 809.32, STATS., no merit appeals because a no merit report analyzes and commends the record to this court for its independent review, and counsel seeks this court's permission to withdraw as counsel. *See Flores,* 183 Wis. 2d at 605, 516 N.W.2d at 367. While a defendant may agree with counsel's assessment that an appeal has no merit and may voluntarily dismiss or forego an appeal, *see id.* at 617, 516 N.W.2d at 372,[4] a claim that the defendant did not so agree is within the purview of this court and

---

[4] We assume that counsel advised Smalley of the no merit option before she closed his file. *Cf. Flores,* 183 Wis. 2d at 606, 516 N.W.2d at 367–68 (ineffective assistance of counsel to close file when the defendant does not know of the right to disagree with counsel's assessment of no merit and compel counsel to submit a no merit report). Although Smalley's petition does not allege that he was so informed, that fact is not crucial to our decision that his *Knight* petition was not timely filed. There can be no doubt that Smalley was capable of learning prior to October 1996 that counsel had not commenced any type of appeal on his behalf.

does not implicate conduct of counsel acting as postconviction counsel.

Having concluded that Smalley's petition is properly filed in this court, we turn to the principles governing habeas corpus to determine whether Smalley is entitled to such relief. The *Knight* court recognized that " '[h]abeas corpus is essentially an equitable doctrine, and a court of equity has authority to tailor a remedy for the particular facts.' " *Knight,* 168 Wis. 2d at 520–21, 484 N.W.2d at 544 (quoted source omitted). As an equitable doctrine, habeas corpus is subject to the doctrine of laches. *See State ex rel. McMillian v. Dickey,* 132 Wis. 2d 266, 281, 392 N.W.2d 453, 458 (Ct. App. 1986). Where the delay on the petitioner's part was unreasonable and the State suffers actual prejudice from the delay in its ability to respond to the petition, dismissal on the grounds of laches may be warranted. *See id.* at 281 n.14, 392 N.W.2d at 458. The issue of reasonableness presents a question of law which we review independently. *See Lohr v. Viney,* 174 Wis. 2d 468, 477, 497 N.W.2d 730, 733 (Ct. App. 1993). "Equitable remedies are not available to one whose own actions or inactions result in the harm." *Id.*

We now apply these principles to Smalley's petition. The petition alleges a 1988 conviction and the appointment of counsel by the state public defender's office. In pleadings filed with this court in another appeal, *State v. Smalley,* No. 96–1765-CR (Wis. Ct. App. Aug. 6, 1996),[5] Smalley states that counsel withdrew on January 31, 1989. A copy of counsel's

---

[5] This appeal was dismissed in August 1996 because an order had not been entered disposing of Smalley's § 974.06, STATS., motion.

"Disposition Summary" also appears in the file. In that document counsel states that the file was closed on January 31, 1989, because "[n]o court action taken as case did not merit any post-conviction proceeding and client agreed to have counsel close the case." That file reveals counsel was appointed on November 2, 1988. The file also reveals that Smalley inquired of the clerk of this court regarding the status of appellate proceedings in July 1996. The clerk advised Smalley that there was no record of an appellate matter involving Smalley.

We conclude that Smalley's delay in inquiring of this court regarding the status of appellate proceedings was unreasonable. The petition states no grounds for waiting until 1996 to seek the intervention of this or any court[6] for purposes of obtaining a direct appeal from a 1988 conviction. The petition does not indicate that Smalley was under any disability which precluded him from learning that counsel did not bring an appeal or complaining about the same to a court prior to 1996. Smalley does not contend that counsel ignored inquiries from him, led him to believe that appellate or postconviction proceedings were underway, or failed to advise him of his options on appeal, including his right to request a no merit report. *See Flores,* 183 Wis. 2d at

---

[6] Prior to the supreme court's decision in *State v. Knight,* 168 Wis. 2d 509, 519–21, 484 N.W.2d 540, 544–45 (1992), claims of ineffective assistance of appellate counsel were brought in the circuit court. The trial court docket entries transmitted to this court in *State v. Smalley,* No. 96–1765-CR (Wis. Ct. App. Aug. 6, 1996), indicate an ex parte motion for transcripts in July 1995 and a May 1996 postconviction motion under § 974.06, STATS. The docket entries do not reveal any other filings by Smalley since his 1988 conviction.

622, 516 N.W.2d at 374. Smalley does not allege that he instructed counsel to pursue an appeal or file a no merit report. *See id.* at 618–19, 516 N.W.2d at 372.

■

The purpose of habeas corpus "is to provide a prompt and effective judicial remedy to those who are illegally restrained of their personal liberty." *State ex rel. Wohlfahrt v. Bodette,* 95 Wis. 2d 130, 133, 289 N.W.2d 366, 367 (Ct. App. 1980). Smalley's petition does not allege facts demonstrating that he sought prompt and speedy relief. Such a showing is required. *See* RULE 809.51(1), STATS.[7]

We have considered whether our rejection of Smalley's petition as untimely runs afoul of *Flores* which states that counsel's " 'failure to perfect an appeal when the defendant has indicated a desire to appeal constitutes ineffective assistance of counsel.' " *Flores,* 183 Wis. 2d at 615, 516 N.W.2d at 371 (citations and quoted source omitted). We conclude that it does not because Smalley's request for habeas relief must be evaluated under the standards applicable to such relief. The right to claim ineffective assistance of counsel for failure to commence an appeal does not exist indefinitely. Whether a defendant's claim is made within a reasonable time must be evaluated on a case-by-case basis.

Our holding comports with *State v. Escalona-Naranjo,* 185 Wis. 2d 168, 181–82, 517 N.W.2d 157, 162 (1994), which bars issues not raised in a postconviction motion under § 974.02, STATS., or on direct appeal in the

---

[7] RULE 809.51(1), STATS., states that a petition must contain a statement of the issues and facts of the controversy, the relief sought and the reasons why the court should take jurisdiction. Smalley's petition does not convince us that further proceedings are necessary on the petition. *See* RULE 809.51(2).

absence of a sufficient reason for not having raised them in the previous proceeding. The *Escalona-Naranjo* court observed that its holding would compel a defendant to raise all issues of which he or she is aware as part of an original postconviction proceeding when "everyone's memory is still fresh, the witnesses and records are usually still available, and any remedy the defendant is entitled to can be expeditiously awarded." *Escalona-Naranjo*, 185 Wis. 2d at 186, 517 N.W.2d at 164. These concerns highlight the prejudice to the State in responding to an untimely habeas petition in which a defendant seeks relief in this court on the ground that appointed counsel abandoned him or her years ago.

*By the Court.*—Petition for a writ of habeas corpus denied.