State of Wisconsin, Plaintiff-Respondent,
v.
Perry R. Neal, Defendant-Appellant.
No. 04-1251.
Court of Appeals of Wisconsin.
Opinion Filed: March 29, 2005.
Before Cane, C.J., Hoover, P.J., and Peterson, J.
¶ 1 PER CURIAM.
Perry Neal appeals an order denying his WIS. STAT. § 974.06[1] motion for postconviction relief. Neal argues he was denied the effective assistance of both trial and postconviction counsel and the trial court erroneously exercised its discretion when it denied his ineffective assistance of counsel claim without conducting an evidentiary hearing. We reject Neal's arguments and affirm the order.

BACKGROUND
¶ 2 In November 2000, Neal was convicted of ten counts of domestic violence, arising from allegations involving extreme violence against his wife, Patricia Neal. The circuit court denied Neal's postconviction motion for in camera inspection of Patricia's medical records. Postconviction counsel then filed a motion claiming that (1) Neal did not waive his right to a jury trial and (2) the sentences imposed on five of the counts exceeded those authorized by statute. Neal subsequently filed a pro se postconviction motion requesting a new trial in the interest of justice and alleging ineffective assistance of both trial and postconviction counsel, prosecutorial misconduct and insufficient evidence to support his convictions.[2]
¶ 3 After a hearing, the circuit court rejected the claim that Neal did not waive his right to a jury trial. With respect to the argument on excessive sentences, the State conceded error and the circuit court agreed. Although the court did not expressly discuss Neal's claim of ineffective assistance of postconviction counsel, the court rejected Neal's claims of ineffective assistance of trial counsel, prosecutorial misconduct and insufficiency of the evidence to convict. Both postconviction counsel and Neal filed notices of appeal from the judgment and order denying postconviction relief. Counsel subsequently withdrew and Neal proceeded with substitute counsel.
¶ 4 In his direct appeal, Neal argued there was insufficient evidence to support his convictions because Patricia's testimony was incredible as a matter of law. Neal also urged this court to grant a new trial in the interest of justice. We rejected these arguments and affirmed the judgment and order. State v. Neal, No. 02-0632, unpublished slip op. (Wis. Ct. App. March 4, 2003).
¶ 5 Neal subsequently filed a WIS. STAT. § 974.06 motion for relief alleging ineffective assistance of trial, postconviction and appellate counsel. Neal also claimed that perjury was committed during his trial and the prosecutor knew or should have known of the perjury. The circuit court denied the motion without a hearing and this appeal follows.

DISCUSSION
¶ 6 In his brief-in-chief, Neal's primary argument is that he properly raised trial and postconviction counsel's ineffective assistance in his present postconviction motion. Although the circuit court determined that Neal's arguments were either raised or should have been raised in his prior postconviction motions and appeal, the court nevertheless concluded, on the merits, that Neal had presented only conclusory allegations and failed to present sufficient facts to raise a question of fact. The only issue Neal raises on appeal is that he was entitled to an evidentiary hearing because trial counsel was ineffective for failing to investigate his prior conviction record.[3]
¶ 7 This court's review of an ineffective assistance of counsel claim is a mixed question of fact and law. State v. Erickson, 227 Wis. 2d 758, 768, 596 N.W.2d 749 (1999). The trial court's findings of fact will not be disturbed unless they are clearly erroneous. Id. However, the ultimate determination whether the attorney's performance falls below the constitutional minimum is a question of law that this court reviews independently. Id.
¶ 8 To determine the validity of an ineffective assistance of counsel claim, Wisconsin employs the two-prong test set forth in Strickland v. Washington, 466 U.S. 668, 694 (1984). To succeed on his claim, Neal must show both (1) that his counsel's representation was deficient and (2) that this deficiency prejudiced him. Id. Further, we may reverse the order of the tests and avoid the deficient performance analysis altogether if the defendant has failed to show prejudice. Id. at 697.
¶ 9 In order to establish deficient performance, a defendant must show that "counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. However, "every effort is made to avoid determinations of ineffectiveness based on hindsight ... and the burden is placed on the defendant to overcome a strong presumption that counsel acted reasonably within professional norms." State v. Johnson, 153 Wis. 2d 121, 127, 449 N.W.2d 845 (1990). In reviewing counsel's performance, we judge the reasonableness of counsel's conduct based on the facts of the particular case as they existed at the time of the conduct and determine whether, in light of all the circumstances, the omissions fell outside the wide range of professionally competent representation. Strickland, 466 U.S. at 690. Because "[j]udicial scrutiny of counsel's performance must be highly deferential ... the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689. Further, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." Id. at 690.
¶ 10 The prejudice prong of the Strickland test is satisfied where the attorney's error is of such magnitude that there is a reasonable probability that, absent the error, the result of the proceeding would have been different. Id. at 694.
¶ 11 Neal intimates that because trial counsel failed to investigate Neal's prior convictions, an issue arose regarding the number of prior convictions. Because the prosecutor believed there were six and Neal believed there were only five, the prosecutor was allowed to examine Neal about the nature of the prior convictions before the trial court.[4] Citing State v. Pitsch, 124 Wis. 2d 628, 369 N.W.2d 711 (1985), Neal argues that the trial court should not have heard this information because it was prejudicial. We are not persuaded.
¶ 12 In Pitsch, defense counsel relied on the defendant's statement that he had only two convictions without investigating the defendant's record. Although the defendant had actually been convicted on at least three separate occasions of nine offenses, the defendant testified on direct examination that he had two prior convictions. Because the defendant had misrepresented the number of his prior convictions, the prosecutor was able to put the nature of those offenses before the jury. Id. at 631-32. Concluding that the sole issue in Pitsch was the defendant's credibility, our supreme court concluded that defense counsel's failure to verify the convictions undermined the defendant's credibility in a way that infected the trial and thus prejudiced the defendant. Id. at 645-46. Pitsch, however, is distinguishable from the present case.
¶ 13 This case involved a trial to the court while Pitsch involved a jury trial. In a case tried to the court, as opposed to a jury trial, the admission of improper evidence is to be regarded on appeal as having been harmless, unless it clearly appears that but for the error, the outcome would probably have been different. Sturdevant v. State, 49 Wis. 2d 142, 149, 181 N.W.2d 523 (1970). The trial court in this case was fully able to hear evidence regarding Neal's prior convictions and use it only to assess his credibility rather than to conclude that he was guilty of the charged offenses. Moreover, none of the prior offenses about which the trial court heard involved battery, sexual assault or domestic violence. There is no indication in the trial court's findings that it was influenced by the nature of Neal's prior convictions. Because there is no reasonable probability that the result of the trial would have been different had trial counsel investigated Neal's prior convictions, Neal was not prejudiced by any claimed deficiency on the part of his counsel.
¶ 14 To the extent Neal claims the circuit court erred by denying his postconviction motion without a hearing, the circuit court has the discretion to deny a postconviction motion without an evidentiary hearing if a defendant fails to allege sufficient facts to raise a question of fact, presents only conclusory allegations, or if the record demonstrates that the defendant is not entitled to relief. Nelson v. State, 54 Wis. 2d 489, 497-98, 195 N.W.2d 629 (1972). Neal's motion was properly rejected without a hearing because the record demonstrates that Neal is not entitled to relief.
¶ 15 Finally, we conclude that because trial counsel was not ineffective, postconviction counsel was not ineffective for failing to raise Neal's claims regarding the ineffective assistance of trial counsel. Counsel is not required to raise on appeal under WIS. STAT. RULE 809.30 every nonfrivolous issue the defendant requests. See Jones v. Barnes, 463 U.S. 745, 751 (1983).
By the Court.  Order affirmed.
NOTES
[1] All references to the Wisconsin Statutes are to the 2003-04 version unless otherwise noted.
[2] Neal's motion alleged ineffective assistance of "appellate counsel." However, his motion challenged the assistance of postconviction counsel. Although postconviction and appellate counsel are often the same person, their functions differ. See State ex rel. Smalley v. Morgan, 211 Wis. 2d 795, 797, 565 N.W.2d 805 (Ct. App. 1997). While "postconviction representation involves proceedings in the trial court where such are a prerequisite to filing a notice of appeal," appellate counsel's work "involves briefing and oral argument in this court." Id.
[3] Issues not briefed are deemed abandoned. Reiman Assocs., Inc. v. R/A Advertising, Inc., 102 Wis. 2d 305, 306 n.1, 306 N.W.2d 294 (Ct. App. 1981). Although Neal attempts to brief additional issues in his reply brief, it is a well-established rule of appellate practice that the court will not consider arguments raised for the first time in a reply brief, see Northwest Wholesale Lumber v. Anderson, 191 Wis. 2d 278, 294 n.11, 528 N.W.2d 502 (Ct. App. 1995), nor do we consider "for reasons stated elsewhere" claims. See Calaway v. Brown County, 202 Wis. 2d 736, 750-51, 553 N.W.2d 809 (Ct. App. 1996).
[4] Because the prosecutor only had CCAP records and not a judgment of conviction for one of Neal's prior convictions, the prosecutor ultimately agreed to accept five as the number of convictions.