COURT OF APPEALS
DECISION
DATED AND FILED

October 21, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2018AP2160**

**STATE OF WISCONSIN**

Cir. Ct. No.  2011CF274

**IN COURT OF APPEALS
DISTRICT II**

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

SHANNON E. PARKER,

   DEFENDANT-APPELLANT.

        APPEAL from an order of the circuit court for Fond Du Lac County: DALE L. ENGLISH, Judge. *Affirmed.*

        Before Neubauer, C.J., Reilly, P.J., and Gundrum, J.

        **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM.  Shannon E. Parker appeals pro se from a circuit court order denying his WIS. STAT. § 974.06 (2017-18)[1] postconviction motion without an evidentiary hearing.  Parker's motion raised myriad claims, including ineffective assistance of trial, postconviction, and appellate counsel,[2] and circuit court error.  For the reasons that follow, we affirm.

¶2      Parker was convicted following a jury trial of robbery with use of force, second-degree sexual assault with use of force, false imprisonment, identity theft, and battery.  The charges arose from an incident wherein Parker forced his way into the apartment of a woman, sexually assaulted her, repeatedly beat her in the face, took her credit card, changed its PIN using his own cell phone, and made several attempts to withdraw money using the credit card.

¶3      Parker's defense at trial was that the victim misidentified him as the perpetrator and that he had an alibi.  His notice of alibi named four people he claimed to be with during the time of the assault.  Parker filed six motions to suppress evidence, including DNA collected during a warrantless SANE exam.[3]

_____

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

[2] Although postconviction counsel and appellate counsel are the same person, their functions differ.  *See State ex rel. Smalley v. Morgan*, 211 Wis. 2d 795, 797, 565 N.W.2d 805 (Ct. App. 1997), *abrogated on other grounds by State ex rel. Coleman v. McCaughtry*, 2006 WI 49, 290 Wis. 2d 352, 714 N.W.2d 900.  While "postconviction representation involves proceedings in the [circuit] court," appellate counsel's work "involves briefing … in this court." *Smalley*, 211 Wis. 2d at 797.  We use the moniker "postconviction counsel" when referring to claims that would have required the filing of a postconviction motion in the circuit court, such as challenges to the effectiveness of trial counsel, or new claims not raised by trial counsel in the circuit court.

[3] Though not explained in Parker's postconviction motion or on appeal, a SANE exam refers to an examination conducted by a sexual assault nurse examiner, usually on a victim of sexual assault.  Like the parties' appellate briefs, we will refer to the evidence-collection procedure about which Parker complains as part of a SANE exam.

The circuit court denied the motions. Parker also vigorously litigated motions (1) challenging the victim's two out-of-court identifications as impermissibly suggestive and (2) for a change of venue on grounds that the pervasive media coverage made an impartial trial in Fond du Lac County impossible. The court denied these motions after a hearing.

¶4 Parker was convicted of all counts and appealed, claiming that the circuit court erroneously denied (1) his motions to suppress the victim's out-of-court identifications and (2) his motion seeking to change venue due to prejudicial pretrial publicity. We affirmed the judgment. *State v. Parker*, No. 2014AP2098-CR, unpublished slip op. (WI App Dec. 16, 2015). The Wisconsin Supreme Court denied review.

¶5 In September 2018, Parker filed the WIS. STAT. § 974.06 motion underlying this appeal. The motion asserted that trial counsel was ineffective for failing to bring a motion seeking to introduce a third-party perpetrator defense, and for "fail[ing] to seek a mental health eval under State Statutes 971.13, 14, 15, 16, 17."[4] The motion also asserted that "postconviction counsel" was ineffective for failing to: (1) argue that trial counsel was ineffective for failing to raise the above issues, (2) argue that DNA was taken from him during a SANE exam in violation of the Fourth Amendment, and (3) "investigate an alibi on Parker's behalf." Finally, the motion asserted that the circuit court erred at sentencing by evincing bias and failing to consider mitigating circumstances.

---

[4] Like the State, and based on the context of Parker's motion and his appellate briefs, we will construe this as a claim that trial counsel should have requested a competency examination.

¶6     The circuit court denied Parker's motion without a hearing.  It determined that Parker's complaints about trial counsel were barred by ***Escalona-Naranjo***, his complaints about postconviction counsel were meritless, and his complaints about his sentencing hearing were both untimely and meritless.  Parker appeals.

## DISCUSSION

*A.  Relevant Legal Standards*

¶7     Absent a sufficient reason, a defendant is procedurally barred from raising claims in a WIS. STAT. § 974.06 postconviction motion that could have been raised in a prior postconviction motion or appeal.  *See* § 974.06(4); ***State v. Escalona-Naranjo***, 185 Wis. 2d 168, 181-82, 184-86, 517 N.W.2d 157 (1994).  Whether a sufficient reason is stated is a question of law subject to de novo review.  ***State v. Romero-Georgana***, 2014 WI 83, ¶30, 360 Wis. 2d 522, 849 N.W.2d 668.

¶8     "In some instances, ineffective assistance of postconviction counsel may be a sufficient reason for failing to raise an available claim in an earlier motion or on direct appeal."  ***Romero-Georgana***, 360 Wis. 2d 522, ¶36.  A defendant asserting the ineffective assistance of counsel must demonstrate that counsel performed deficiently and that the deficient performance was prejudicial.  ***Strickland v. Washington***, 466 U.S. 668, 687 (1984).  To prove deficient performance, "the defendant must show that counsel's representation fell below an objective standard of reasonableness."  ***Id.*** at 688.  To prove prejudice, the defendant must demonstrate that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  ***Id.*** at 694.

¶9 To entitle the defendant to a hearing, a postconviction motion "must include facts that 'allow the reviewing court to meaningfully assess [the defendant's] claim.'" *State v. Allen*, 2004 WI 106, ¶21, 274 Wis. 2d 568, 682 N.W.2d 433 (alteration in original) (citation omitted). This means the motion must "allege the five 'w's' and one 'h'; that is, who, what, where, when, why, and how," and it must do so "within the four corners of the document itself." *Id.*, ¶23. Conclusory statements that do not contain these key facts are insufficient to entitle the defendant to a hearing. *Id.*, ¶24. If any of these elements are missing, the circuit court has discretion to deny the motion without a hearing. *Id.*, ¶12.

### B. Photo Identification Procedures

¶10 In his WIS. STAT. § 974.06 postconviction motion, Parker alleged that his appellate counsel was ineffective for failing to "raise the issue of the photo lineup" and asserted that the police department did not follow proper lineup procedures. However, appellate counsel did raise this issue on direct appeal, claiming that both of the victims' out-of-court identifications should have been suppressed as the product of overly suggestive identification procedures. This court not only rejected Parker's arguments, but also determined that any potential error in permitting the evidence was harmless. *Parker*, No. 2014AP2098-CR, ¶¶10-29.

¶11 The circuit court properly denied this WIS. STAT. § 974.06 claim without a hearing because it was litigated in a prior appeal. *See State v. Witkowski*, 163 Wis. 2d 985, 990, 473 N.W.2d 512 (Ct. App. 1991) ("A matter once litigated may not be relitigated in a subsequent postconviction proceeding no matter how artfully the defendant may rephrase the issue."). Even if Parker could obtain review of this claim by reformulating his argument, he is not entitled to

relief. Any potential claim is defeated by our prior conclusion that "[a]ny error in admitting the identifications therefore was harmless." *Parker*, No. 2014AP2098-CR, ¶29.

### C. Motion to Admit Third-Party Perpetrator Evidence

¶12     Parker's WIS. STAT. § 974.06 motion claims that trial counsel was ineffective for failing to file a *Denny*[5] motion seeking to introduce evidence of a third-party perpetrator and that postconviction counsel provided ineffective assistance by failing to challenge trial counsel's performance. Parker's motion does not remotely set forth a colorable claim that trial counsel performed deficiently by failing to file such a motion or that such a failure was prejudicial.

¶13     At trial, Parker testified that on the day of the assault, he left work after getting an advance on his wages and drove to various places around town to buy and use drugs. Eventually, Kevin Schneider and J.V.K. picked him up and the three went to Schneider's girlfriend's apartment. Parker testified that the three sat at a table and used crack cocaine.

¶14     On the prosecutor's objection, the circuit court struck as irrelevant Parker's testimony suggesting that he lost his cell phone at the apartment, and that one of the people with whom he was doing drugs might have overheard him recite his PIN number. The court ruled that this was not relevant to his alibi defense and that he had not filed a *Denny* motion seeking to introduce evidence that Schneider or J.V.K. actually committed the crime. Trial counsel agreed that they were not trying to prove that a known third party committed the crime.

---

[5] *State v. Denny*, 120 Wis. 2d 614, 357 N.W.2d 12 (Ct. App. 1984).

¶15    To introduce evidence suggesting that a known third party committed the crime for which the defendant is on trial, the defendant must show a "legitimate tendency that the third party could have committed the crime." *State v. Denny*, 120 Wis. 2d 614, 623, 357 N.W.2d 12 (Ct. App 1984). The legitimate tendency test requires the defendant to show that the third party had motive, opportunity, and a direct connection to the crime. *Id.* at 623-24. *See also State v. Wilson*, 2015 WI 48, ¶¶51-52, 54, 56-59, 362 Wis. 2d 193, 864 N.W.2d 52 (ratifying and further clarifying *Denny*'s legitimate tendency test).

¶16    Parker's postconviction motion alleges that trial counsel's failure to file a *Denny* motion "caus[ed] his testimony to be stricken and not heard by [the] jury." This is insufficient to garner an evidentiary hearing. To begin with, Parker needed to allege that trial counsel had grounds for filing such a motion. Parker did not. His motion did not identify which person he claimed was the third-party perpetrator, let alone facts showing that this third party had motive, opportunity, and a direct connection to the crime. Trial counsel cannot be ineffective for failing to file a meritless motion. Because Parker failed to demonstrate that trial counsel performed deficiently, he cannot establish postconviction counsel's ineffectiveness. *See State v. Ziebart*, 2003 WI App 258, ¶15, 268 Wis. 2d 468, 673 N.W.2d 369 (to establish the ineffectiveness of postconviction counsel, a defendant bears the burden of proving that trial counsel's performance was both deficient and prejudicial).

## D. DNA Suppression Issue

¶17    Parker alleges that appellate counsel was ineffective for failing to argue on appeal that police unlawfully obtained his DNA when a warrantless SANE exam was performed on him without his permission, in violation of his

Fourth Amendment rights. The allegations in Parker's motion concerning this claim and why it was not raised earlier are insufficient to require an evidentiary hearing.

¶18 First, Parker's motion does not set forth the context, procedural history, or facts relevant to this claim. For example, he fails to mention that his trial counsel filed a motion to suppress at least some evidence from the SANE exam, that the purpose of the exam was to obtain the *victim's* DNA, and that the circuit court denied the motion. Parker's only argument is that the police could have obtained a warrant while he was at the police station before being taken to the hospital. However, it is black letter law that "the mere possibility that a warrant might have been obtained does not automatically invalidate the police actions." *State v. Johnston*, 184 Wis. 2d 794, 814, 518 N.W.2d 759 (1994).

¶19 Further, Parker's motion did not explain the nature of the DNA results he sought to suppress. In fact, his appellate brief states: "And in the end there was no verifiable evidence found on Parker, linking him to the crime. Simply violating Parker's Fourth Amendment by performing a SANE exam on him."[6]

¶20 Additionally, Parker's motion failed to "allege the five 'w's' and one 'h'" showing that appellate counsel's failure to raise the claim was unreasonable under prevailing professional norms. Similarly, Parker's motion made no argument that had the results of the SANE examination been suppressed, there is a

---

[6] The only mention of the materiality of the DNA is in the State's brief, and the State asserts that "some of the DNA evidence was favorable to Parker. The DNA analyst testified that the victim was excluded as a source of DNA from some of the samples obtained from Parker during the SANE exam."

8

reasonable probability he would have prevailed at trial, let alone that had appellate counsel raised this claim, Parker would have prevailed on appeal.

### E. Failure to Investigate Alibi

¶21 As stated previously, Parker testified that he was with Kevin Schneider on the day the crime occurred. His WIS. STAT. § 974.06 motion alleged that "sometime between January 15th 2016 and April 11th 2016[,]"[7] while incarcerated at Dodge Correctional Institution and working in the records department, he learned that Schneider was also incarcerated there. Parker "was able to talk to him briefly and [Schneider] said he would be willing to do an affidavit." Parker alleged that appellate counsel told him he would look into it but he did not hear from appellate counsel again "until [his] case was declined by the supreme court." Parker's motion claimed that counsel "was ineffective by not following through with new alibi evidence." We are not persuaded.

¶22 The motion contains insufficient facts to set forth a claim of ineffective assistance of appellate counsel. First, taking Parker's assertions as true, he did not notify appellate counsel of Schneider's location until after this court decided his appeal and the matter was pending in the supreme court. The time for filing a postconviction motion as part of Parker's direct appeal had lapsed through no fault of appellate counsel. Parker has not established that appellate counsel had any duty to act on this information.

---

[7] Parker's alleged date range is curious. His direct appeal was denied in December 2015. His petition for review was filed on January 15, 2016, and was denied on April 6, 2016.

9

¶23 Second, and regardless of whether appellate counsel had a duty to act, the motion did not show how Parker would prove deficient performance or prejudice. The motion did not contain an affidavit from Schneider, any detail about what Schneider would have said in such a sworn document, or whether Schneider was willing to testify at a trial on Parker's behalf. The motion did not contain an affidavit from appellate counsel or otherwise explain appellate counsel's anticipated testimony at a hearing. The motion did not explain what, if anything, counsel did with the information he received about Schneider after the appeal was decided, why he did or did not attempt to contact Schneider, or how his actions were deficient. These facts are especially important here, where the record conclusively demonstrates that Parker knew and testified at trial that he was in Schneider's company. Parker's motion did not minimally explain why he failed to seek Schneider's testimony before trial or, if he did, why Schneider did not testify on his behalf.

¶24 The State's brief analyzes this claim under the rubric of newly discovered evidence. A defendant seeking a new trial based on newly discovered evidence must prove by clear and convincing evidence all of the following: (1) the evidence was discovered after trial, (2) "the defendant was not negligent in seeking the evidence, (3) the evidence is material to an issue in the case," and (4) the evidence is not merely cumulative to the evidence that was introduced at trial. *State v. Avery*, 2013 WI 13, ¶25, 345 Wis. 2d 407, 826 N.W.2d 60. If all four factors are proven, "then it must be determined whether a reasonable probability exists that had the jury heard the newly-discovered evidence, it would have had a reasonable doubt as to the defendant's guilt." *State v. Plude*, 2008 WI 58, ¶32, 310 Wis. 2d 28, 750 N.W.2d 42.

¶25    We agree with the State's analysis and conclude that the facts alleged in Parker's WIS. STAT. § 974.06 motion did not set forth a colorable claim of newly discovered evidence.  As the State argues, the proposition that Schneider could provide alibi testimony was known to Parker before trial and is not newly discovered.  For that reason, and because his motion offered no facts explaining why he did not seek out Schneider's testimony before trial, Parker did not establish that he was not negligent in seeking the evidence.  Similarly, Parker's motion did not allow the circuit court to meaningfully assess whether the information provided by Schneider's affidavit would be material or noncumulative.  Parker did not allege what the affidavit would have said, let alone that Schneider would provide material, noncumulative testimony.

### F.  Failure to Seek a Competency Examination

¶26    Parker's WIS. STAT. § 974.06 motion alleged that trial counsel was ineffective for failing to seek a competency hearing and that postconviction counsel was ineffective for failing to challenge trial counsel's performance on this ground.  He alleged that because of "life long struggles with a severe learning disability and bipolar disorder" he was on governmental social security assistance, and was "unable to comprehend the proceedings … meaning [he has and had] no understanding of the law even if it was explained to [him]."  He claimed that because trial counsel, postconviction counsel, and the court were aware of his diagnoses, he is entitled to a new trial.

¶27    WISCONSIN STAT. § 971.13(1) provides that "[n]o person who lacks substantial mental capacity to understand the proceedings or assist in his or her own defense may be tried, convicted or sentenced for the commission of an offense so long as the capacity endures."  A defendant is competent to proceed to

11

trial if: "1) he or she possesses sufficient present ability to consult with his or her lawyer with a reasonable degree of rational understanding, and 2) he or she possesses a rational as well as factual understanding of a proceeding against him or her." *State v. Garfoot*, 207 Wis. 2d 214, 222, 558 N.W.2d 626 (1997).

¶28    Parker's motion failed to allege sufficient facts to support a conclusion that he was incompetent to proceed at any point in the proceedings, or that trial counsel and later, postconviction counsel, provided ineffective assistance by failing to raise the issue of his competence.  Simply being diagnosed with a mental illness or a learning disability does not equate to incompetence to stand trial. *State v. Byrge*, 225 Wis. 2d 702, 713 n.3, 594 N.W.2d 388 (Ct. App. 1999).

¶29    Further, nothing in the record supports his claim that he met either prong of the test for incompetency, let alone that trial counsel should have believed him to be statutorily incompetent.  Parker ably participated in his defense throughout trial.  Indeed, he testified in his own defense, appropriately responded to the court's questions about whether he understood his constitutional rights, and gave responsive answers to both his attorney and the prosecutor that showed he understood what was taking place.  Additionally, at sentencing, Parker apologized to the victim, acknowledged that his drug addiction always led him into jail, and stated that during the trial he felt bad that the victim had to take the stand.  He gave no indication that he did not understand what was taking place at any time during the proceedings.

## G.  Circuit Court Error at Sentencing

¶30    In his WIS. STAT. § 974.06 motion, Parker claimed that the circuit court erred at sentencing by (1) failing to consider that Parker's mental health

issues rendered him "unable to understand the proceedings" and (2) by basing Parker's sentence "solely on [the judge's] own feeling and beliefs."

¶31 The circuit court properly denied these claims without a hearing because they are barred by *Escalona-Naranjo*. Parker's WIS. STAT. § 974.06 postconviction motion did not allege any reason, let alone a sufficient reason, for his failure to raise these claims earlier.[8]

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[8] In addition, challenges to the circuit court's exercise of discretion at sentencing are not constitutional in nature and cannot be raised in a WIS. STAT. § 974.06 motion. *State v. Balliette*, 2011 WI 79, ¶34 n.4, 336 Wis. 2d 358, 805 N.W.2d 334. Further, none of the assertions in his motion remotely set forth a colorable claim of sentencing error.