COURT OF APPEALS
DECISION
DATED AND FILED

December 1, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP484**

STATE OF WISCONSIN

Cir. Ct. No. 2009CF165

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

TERRENCE T. WHITAKER,

DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Fond du Lac County: ROBERT J. WIRTZ, Judge. *Affirmed.*

Before Gundrum, P.J., Neubauer and Reilly, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.   Terrence T. Whitaker appeals pro se from a circuit court order denying his WIS. STAT. § 974.06 (2019-20)[1] motion without an evidentiary hearing.  We affirm.

¶2     The amended complaint alleged that Whitaker committed a drive-by shooting.  In 2010, Whitaker pled no contest to count fifteen, attempted first-degree intentional homicide, and fourteen other counts were dismissed outright. Whitaker received a twenty-five year sentence.  Whitaker had appointed counsel for a WIS. STAT. RULE 809.30 appeal, but he did not pursue an appeal.[2]

¶3     In 2019, Whitaker filed a pro se WIS. STAT. § 974.06 motion using a preprinted form on which he checked various grounds for relief.  He challenged his arrest, search and seizure, lack of probable cause that he committed a crime, suppression of evidence by the State, and the State's use of testimony "known to it to be perjured."  Whitaker's motion alleged few or no facts in support of these claims.

¶4     At a hearing on his WIS. STAT. § 974.06 motion,[3] Whitaker offered additional grounds for relief and elaborated on some of his previously stated

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[2] Whitaker's WIS. STAT. § 974.06 motion alleged that his appointed counsel told him he did not have grounds for an appeal.  To the extent Whitaker argues that his appointed postconviction counsel failed to advise him that he could discharge counsel and proceed pro se in a WIS. STAT. RULE 809.30 appeal, such a claim is not properly before this court in this appeal.  A claim of ineffective assistance of appellate counsel based on the failure to commence an appeal must be raised via a petition for a writ of habeas corpus in this court.  *State ex rel. Santana v. Endicott*, 2006 WI App 13, ¶4, 288 Wis. 2d 707, 709 N.W.2d 515; *State ex rel. Flores v. State*, 183 Wis. 2d 587, 605-07, 516 N.W.2d 362 (1994) (failure to inform a defendant of the postconviction options can be ineffective assistance of counsel).

[3] At the motion hearing, the circuit court appointed standby counsel for Whitaker.  Both he and counsel argued to the court.

claims. He argued that he pled no contest to an illegal charge and his sentence was invalid, his trial counsel were ineffective because they never provided him with all of the discovery materials, he wanted to go to trial but his trial counsel coerced him into entering a no contest plea, and evidence about the trajectory of the bullet fired in the drive-by shooting did not support an attempted first-degree intentional homicide charge.

¶5     The circuit court denied Whitaker's WIS. STAT. § 974.06 motion without an evidentiary hearing. As grounds, the circuit court concluded that Whitaker's no contest plea was properly entered and had an adequate factual basis, and any additional information Whitaker learned after his conviction did not change the legality of his plea or his admission to the factual basis for it.

¶6     A circuit court has the discretion to deny a postconviction motion without a hearing if the motion is legally insufficient. *State v. Allen*, 2004 WI 106, ¶12, 274 Wis. 2d 568, 682 N.W.2d 433.

> The circuit court may deny a postconviction motion for a hearing if all the facts alleged in the motion, assuming them to be true, do not entitle the movant to relief; if one or more key factual allegations in the motion are conclusory; or if the record conclusively demonstrates that the movant is not entitled to relief.

*Id.* (footnote omitted).[4]

¶7     On appeal, Whitaker argues that he was subject to multiplicitous charges for the drive-by shooting. The Double Jeopardy Clause protects a

---

[4] We review the circuit court's discretionary decision to deny Whitaker's postconviction motion without an evidentiary hearing based upon the record before the circuit court at the time it denied the motion. Therefore, we do not consider Whitaker's elaboration on his claims in his appellate briefs.

defendant against "multiple punishments for the *same offense.*" ***State v. Davison***, 2003 WI 89, ¶19, 263 Wis. 2d 145, 666 N.W.2d 1 (citation omitted). Whether a double jeopardy violation occurred presents a question of law we review independently of the circuit court. ***State v. Nommensen***, 2007 WI App 224, ¶5, 305 Wis. 2d 695, 741 N.W.2d 481.

¶8 While Whitaker was charged with multiple crimes arising from the drive-by shooting,[5] he pled no contest to only one charge and was sentenced for only one charge: attempted first-degree intentional homicide. The other charges were dismissed outright. We conclude that Whitaker's multiplicity claim, if any, is moot because he was punished once, not twice, for the drive-by shooting.[6] ***State ex rel. Olson v. Litscher***, 2000 WI App 61, ¶3, 233 Wis. 2d 685, 608 N.W.2d 425 ("[a]n issue is moot when its resolution will have no practical effect on the underlying controversy"); ***McFarland State Bank v. Sherry***, 2012 WI App 4, ¶9, 338 Wis. 2d 462, 809 N.W.2d 58 (whether an issue is moot presents a question of law this court decides independently of the circuit court); ***State v. Parr***, 182 Wis. 2d 349, 362-63, 513 N.W.2d 647 (Ct. App. 1994) (no multiplicity claim in the absence of multiple convictions). Because the record conclusively shows that Whitaker could not have relief on the multiplicity claim, the circuit court did not err when it denied the claim without an evidentiary hearing. *See* ***Allen***, 274 Wis. 2d 568, ¶12.

---

[5] The amended information charged Whitaker with fifteen counts including nine counts of first-degree reckless endangerment with a dangerous weapon, five counts of discharging a firearm from a vehicle towards a vehicle or building, and one count of attempted first-degree intentional homicide.

[6] No exception to mootness applies. *See* ***State ex rel. Olson v. Litscher***, 2000 WI App 61, ¶3, 233 Wis. 2d 685, 608 N.W.2d 425.

¶9 Whitaker next contends that his trial and postconviction counsel were ineffective for failing to challenge the attempted first-degree intentional homicide count as multiplicitous. Whitaker did not raise this ineffective assistance of counsel claim in his postconviction motion. At the motion hearing, Whitaker stated in a conclusory fashion that trial counsels' failure to challenge the attempted first-degree intentional homicide count or share "full discovery" "shows the definition of ineffective assistance of counsel." However, he offered no facts or argument satisfying the two prongs of ineffective assistance of counsel: a defendant must demonstrate that counsel's representation was deficient and that the deficiency was prejudicial. *See State v. Jeannie M.P.*, 2005 WI App 183, ¶6, 286 Wis. 2d 721, 703 N.W.2d 694. The circuit court did not err when it denied the claim without an evidentiary hearing. *See Allen*, 274 Wis. 2d 568, ¶12.

¶10 Whitaker next claims that his trial counsel coerced his plea. Whitaker did not make the coercion claim in his postconviction motion, and he mentioned the claim in a conclusory fashion at the hearing on his postconviction motion. Whitaker stated:

> I expressed my intent and lack of understanding to my then lawyers, Ms. Castonia and Ms. Thompson. Neither provided counsel and support of my desire for a trial. As a matter of fact, when I did make a choice to go to trial, my lawyers coerced me into pleading out to Count 15, a charge that I've always claimed to be illegally charged with. Due to my attorneys' coercion, I reluctantly pleaded to no contest to Count 15 with the understanding that I received 13 in and 7 out as agreed to by my attorneys, the prosecutor, and the PSI investigator. With that being said, Your Honor, I know you didn't have to go with the plea agreement. Your Honor, it is my position that not only I was coerced into pleading no contest for a charge I'm not guilty of, but I also pleaded to an illegal charge because Count 15 clearly shows the definition of multiplicity and I pled to that count.

¶11     As the foregoing indicates, Whitaker alleged insufficient facts in his motion to support the coercion claim.[7]   Because Whitaker's coercion claim is conclusory, the circuit court did not err when it rejected this claim without an evidentiary hearing.  *See Allen*, 274 Wis. 2d 568, ¶12.[8]

¶12     Whitaker next argues that the attempted first-degree homicide charge was not transactionally related to a count on which he was bound over after the preliminary examination.  *See State v. Williams*, 198 Wis. 2d 516, 522, 544 N.W.2d 406 (1996) ("any charge may be included in an information as long as it is transactionally related to a count on which bind over was ordered").  We do not address this argument because it was waived by Whitaker's no contest plea.  "[A] guilty, no contest, or *Alford* plea 'waives all nonjurisdictional defects, including constitutional claims.'"  *State v. Kelty*, 2006 WI 101, ¶18, 294 Wis. 2d 62, 716 N.W.2d 886 (footnote omitted; citation omitted).[9]   The record conclusively shows that Whitaker was not entitled to relief on this claim.  The circuit court did not err in rejecting this claim without an evidentiary hearing.  *See Allen*, 274 Wis. 2d 568, ¶12.

¶13     Whitaker alleges a *Brady*[10] violation, but he did not allege any facts in support of this argument in his circuit court motion or at the motion hearing.

---

[7] We observe that during the plea hearing, Whitaker stated that no one pressured him into entering a plea.

[8] To the extent Whitaker ties his coercion claim to his appellate argument that the bullet trajectory evidence did not support an attempted first-degree intentional homicide, we reject it. As stated, the coercion claim was appropriately rejected without an evidentiary hearing.

[9] We observe that during the plea hearing, Whitaker agreed that the circuit court could accept facts stated at the plea hearing as the factual basis for his no contest plea.

[10] *Brady v. Maryland*, 373 U.S. 83 (1963).

We do not address issues raised for the first time on appeal. ***State v. Huebner***, 2000 WI 59, ¶10, 235 Wis. 2d 486, 611 N.W.2d 727.

¶14 Whitaker's claim that his trial counsel had a duty to locate witnesses on his behalf was not raised in the circuit court. We do not address issues raised for the first time on appeal. ***Id.***

¶15 Finally, Whitaker argues that his sentence was cruel and unusual. The transcript of the postconviction motion hearing shows that Whitaker argued that if he prevailed on his multiplicity claim, his sentence was necessarily flawed, and he should have been sentenced in line with the recommendation in the presentence investigation report. Whitaker did not argue in the circuit court that his sentence was cruel and unusual or otherwise the product of circuit court error at sentencing. We do not address issues raised for the first time on appeal. ***Id.***; *see* ***State v. Malone***, 136 Wis. 2d 250, 257-58, 401 N.W.2d 563 (1987) (challenges to a sentence must first be raised in the circuit court).

¶16 We conclude that some of Whitaker's claims were conclusory and, as to other claims, the record conclusively demonstrates that he was not entitled to relief. Because Whitaker's WIS. STAT. § 974.06 motion was insufficient, the circuit court did not err when it denied the motion without an evidentiary hearing.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.