IN RE the COMMITMENT OF Henry POCAN:

STATE of Wisconsin, Petitioner-Respondent,

v.

Henry POCAN, Respondent-Appellant.

Court of Appeals

*No. 02–3342. Submitted on briefs September 9, 2003.—
Decided October 21, 2003.*

2003 WI App 233

(Also reported in 671 N.W.2d 860.)

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Margaret A. Maroney*, assistant state public defender, Madison.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Peggy A. Lautenschlager*, attorney general, and *Warren D. Weinstein*, assistant attorney general.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. PETERSON, J.   Henry Pocan appeals an order denying his petition for discharge from a WIS. STAT. ch. 980 commitment.[1] He argues the court erroneously denied him a probable cause hearing. We agree, reverse the order and remand for a probable cause hearing.

## BACKGROUND

¶ 2.   Pocan previously was found to be a sexually violent person under WIS. STAT. § 980.06. He was committed to the custody of the Department of Health and Family Services in February 1998.

¶ 3.   The State first evaluated Pocan in 1997. One psychologist stated that Pocan's schizophrenia and antisocial personality disorder predisposed Pocan to acts of sexual violence and that there was a substantial probability he would engage in acts of sexual violence. Another psychologist stated he could not conclude Pocan was sexually dangerous. Several reexaminations took place between 1997 and 2001. Each time, the reviewing psychologists were unable to recommend Pocan's release.

¶ 4.   Another reexamination occurred on June 28, 2002. Using actuarial tables not available when Pocan was originally committed, the psychologist stated that

---

[1] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

Pocan's "mental disorders do not predispose Mr. Pocan to engage in acts of sexual violence, as defined by Chapter 980." Further:

> This evaluator cannot conclude, to a reasonable degree of professional certainty, whether or not there continues to be a substantial probability that Mr. Pocan will reoffend sexually if he is not continued in institution care.

Based on this report, Pocan petitioned for discharge and asked for a probable cause hearing. The court denied the petition and Pocan appeals.

## DISCUSSION

■

¶ 5.   Resolution of this appeal requires interpretation of Wis. Stat. §§ 980.09 and 980.10. Section 980.09 applies to a first petition for discharge, while § 980.1 applies to subsequent petitions. The interpretation of a statute presents a question of law this court determines independently. *Three & One Co. v. Geilfuss*, 178 Wis. 2d 400, 412, 504 N.W.2d 393 (Ct. App. 1993). "Where the plain meaning of a statute is unambiguous, the words of the statute must be given their obvious and intended meaning." *Id.*

■

¶ 6.   Wisconsin Stat. ch. 980 provides that a committed person may petition for discharge with the approval of the secretary of the Department of Health and Family Services, Wis. Stat. § 980.09(1), or without the secretary's approval, Wis. Stat. § 980.09(2). Pocan petitioned without the secretary's approval. When an individual petitions for the first time without the secretary's approval, § 980.09(2)(a) states "the court

shall set a probable cause hearing to determine whether facts exist that warrant a hearing on whether the person is still a sexually violent person."

¶ 7.   If the individual files any subsequent petitions, the court proceeds under WIS. STAT. § 980.10, which states:

> [I]f a person has previously filed a petition for discharge without the secretary's approval and the court determined, either upon review of the petition or following a hearing, that the person's petition was frivolous or that the person was still a sexually violent person, then the court shall deny any subsequent petition under this section without a hearing unless the petition contains facts upon which a court could find that the condition of the person had so changed that a hearing was warranted.

However, if a previous petition was denied for any another reason, the court must follow the procedure in § 980.09(2)(a) and hold a probable cause hearing. *Id.*

¶ 8.   Believing this was not Pocan's first petition for discharge, the court followed WIS. STAT. § 980.10. It determined that a previous petition had been found frivolous and that the current petition did not contain facts upon which it could find that Pocan's condition had changed. The court then denied a probable cause hearing.

¶ 9.   The State concedes Pocan was entitled to a probable cause hearing because "[n]one of Pocan's [previous] pleadings can fairly be regarded as a petition for discharge." Therefore, Pocan was entitled to a probable cause hearing under WIS. STAT. § 980.09.[2] The State

---

[2] Pocan characterizes several of his previous pleadings as petitions for discharge and therefore claims we must proceed under WIS. STAT. § 980.10. He argues that the court did not find

nonetheless maintains that this error does not require reversal because Pocan's petition does not show he has changed and is no longer a sexually violent person.

¶ 10. The State bases its argument on several statutory provisions. First, WIS. STAT. § 980.07(1) states that reexamination is "for the purpose of determining whether the person has made sufficient progress for the court to consider whether the person should be placed on supervised release or discharged." Second, WIS. STAT. § 980.10 provides that subsequent petitions focus on whether there are "facts upon which a court could find that the condition of the person had so changed that a hearing [is] warranted." Finally, WIS. STAT. § 980.09(2)(a) requires the court to hold a probable cause hearing "to determine whether facts exist that warrant a hearing on whether the person is still a sexually violent person."

¶ 11. The State argues that WIS. STAT. ch. 980 thus requires the court to focus on progress or improvement in Pocan's condition. The psychologist stated that, based on new diagnostic tools, she could not conclude that Pocan would reoffend sexually. However, the State argues the psychologist's report contains no evidence that there was an improvement in Pocan's condition. Instead, the State maintains Pocan is merely arguing

---

any previous petition frivolous or that Pocan remained a sexually violent person. Consequently, under § 980.10, the court must follow WIS. STAT. § 980.09(2)(a) and hold a probable cause hearing. The State, however, maintains none of Pocan's previous petitions were petitions for discharge and therefore § 980.10 does not come into play. We need not determine which is the correct view of the facts because the result is the same. Either way, Pocan is entitled to a probable cause hearing.

that he was never a sexually violent person in the first place, instead of establishing that he is not "still" a sexually violent person.

¶ 12.   We agree that progress in treatment is one way of showing that a person is not still a sexually violent person. However, we conclude that is not the only way. A new diagnosis would be another way of proving someone is not still a sexually violent person. A new diagnosis need not attack the original finding that an individual was a sexually violent person. Rather, a new diagnosis focuses on the present. The present diagnosis would be evidence of whether an individual is still a sexually violent person. ·

¶ 13.   The circuit court found Pocan to be a sexually violent person when it committed him in 1998. He now argues new diagnostic tools show that he is not a sexually violent person. If the court finds Pocan is not sexually violent now, that means he is not still a sexually violent person.

¶ 14.   Pocan asks that we remand for a probable cause hearing. The State agrees that this is the best course if we do not affirm the court's denial of the petition. We also agree that remand is necessary here. At the hearing, the circuit court should proceed under WIS. STAT. § 980.09 and determine whether facts exist that warrant a trial on whether Pocan is still a sexually violent person.

*By the Court.*—Order reversed and cause remanded with directions.