PER CURIAM.
¶1 Randy Purifoy, pro se , appeals from an order of the circuit court that denied his petition for discharge from commitment under WIS. STAT. ch. 980 (2017-18).[1] Purifoy complains that the circuit court erroneously refused to hold an evidentiary hearing on his pretrial motion, erroneously excluded a treatment progress report as a trial exhibit, and erroneously credited the testimony of one expert over that of two other experts. We reject Purifoy's challenges and affirm the circuit court's order.
BACKGROUND
¶2 In 1976, when Purifoy was fifteen years old, he raped and killed a woman. By his own admission, Purifoy had also "previously violently raped six other women and stabbed one of those in the neck." He turned himself in after the homicide, admitted the rapes, and confessed to two armed robberies. Pursuant to a plea agreement, Purifoy pled guilty to one count of rape and one count of second-degree murder; the other counts were dismissed and read in, and the State recommended concurrent sentences. Purifoy was committed to the Department of Health and Social Services under WIS. STAT. ch. 975 (1975-76) for the rape and sentenced to a consecutive five to twenty-five years' imprisonment for the murder.
¶3 In July 1990, Purifoy completed his rape sentence and was transferred to the Department of Corrections to serve his murder sentence. Prior to his mandatory release date, the State in May 2002 filed a petition alleging that Purifoy was a sexually violent person, see WIS. STAT. § 980.01(7) (2001-02), and seeking his commitment, see WIS. STAT. § 980.06 (2001-02). The State prevailed, Purifoy appealed, and we affirmed. See State v. Purifoy , No. 2004AP1874, unpublished slip op. (WI App July 3, 2007). On November 7, 2008, Purifoy petitioned for discharge from the commitment. The circuit court denied the petition, Purifoy appealed, and we affirmed. See State v. Purifoy , No. 2010AP2627, unpublished slip op. (WI App Mar. 20, 2012).
¶4 Sometime after March 25, 2013, Purifoy again petitioned for discharge.[2] He was appointed counsel at county expense in February 2015. Purifoy waived a jury trial and time limits. Though represented, Purifoy filed a pro se pretrial motion in January 2017, seeking "specific performance of [the] plea agreement" made in the criminal case. The circuit court denied the motion, noting that Purifoy had raised the issue before. The trial on the discharge petition was held April 27-28, 2017, after which the circuit court denied the petition. Purifoy appeals. Additional facts will be discussed herein as necessary.
DISCUSSION
¶5 WISCONSIN STAT. ch. 980 "is intended to 'protect[ ] the public by providing concentrated treatment for convicted sex offenders who are at a high risk to reoffend based upon a mental disorder which predisposes them to commit acts of sexual violence.' " See State ex rel. Marberry v. Macht , 2003 WI 79, ¶14, 262 Wis. 2d 720, 665 N.W.2d 155 (citation omitted; brackets in Marberry ). The chapter "provides for discharge from commitment once the statutorily-defined dangerousness 'abates.' " Id. (citation omitted).
¶6 "A committed person may petition the committing court for discharge at any time." WIS. STAT. § 980.09(1). The circuit court must deny the petition without a hearing unless the petition "alleges facts from which the court or jury would likely conclude ... that the person no longer meets the criteria for commitment as a sexually violent person." See id. "If the court determines that the record contains facts from which a court or jury would likely conclude the person no longer meets the criteria for commitment, the court shall set the matter for trial." Sec. 980.09(2). At the trial, the State "has the burden of proving by clear and convincing evidence that the person meets the criteria for commitment as a sexually violent person." Sec. 980.09(3). If the State fails to meet its burden, the petitioner is to be discharged. Sec. 980.09(4).
¶7 As noted, the circuit court granted a trial on Purifoy's petition. Purifoy has three challenges to that trial on appeal. First, he contends that the circuit court erroneously denied his pretrial motion for specific performance of the criminal plea agreement without an evidentiary hearing. Second, he contends the circuit court erroneously excluded as a trial exhibit a treatment progress report prepared by Dr. Ryan Mattek. Finally, Purifoy complains that the circuit court erroneously exercised its discretion when it concluded that Dr. Christopher Tyre's opinion was superior and entitled to more weight than the opinions from Dr. Charles Lodl and Dr. Letitia Johnson. We address each issue in turn.
I. The Pretrial Motion
¶8 Purifoy contends that he bargained for a specific disposition and sentence recommendation at the time of his 1976 criminal case. He asserts there was a "plea bargained disposition of 'no more than' State custody and control for the durations of the 'maximum consecutive sentences' that the State has now breached." Purifoy believes the State has breached the plea agreement because his Chapter 980 custody "now exceeds the maximum possible amount agreed upon; and the circuit court has permitted a manifest injustice to go uncorrected by denying [his] pre-trial motion without an evidentiary hearing."
¶9 The circuit court denied Purifoy's motion because it said he had previously raised the issue and "this isn't the forum to relitigate that matter at this time." On appeal, the State notes that Purifoy previously petitioned this court for a writ of mandamus to vacate the Chapter 980 commitment based on his belief that his continued custody breaches the plea agreement. See State ex rel. Purifoy v. Bellile , No. 2016AP1065-W, unpublished slip op. and order (WI App June 15, 2016). This court denied the writ, see id. at 3, so the State asserts the same argument in this case is barred by issue prelusion.
¶10 "Issue preclusion bars the relitigation of issues that have actually been decided in a previous case between the same parties." State v. Nommensen , 2007 WI App 224, ¶20, 305 Wis. 2d 695, 741 N.W.2d 481. "The goals of issue preclusion include judicial efficiency and protection against repetitious litigation." State v. Sorenson , 2001 WI App 251, ¶12, 248 Wis. 2d 237, 635 N.W.2d 787. Assuming an identity of issues and parties, which is a question of law, the next inquiry is whether applying issue preclusion is fundamentally fair. See Paige K.B. v. Steven G.B. , 226 Wis. 2d 210, 224-25, 594 N.W.2d 370 (1999). This is generally a discretionary question for the circuit court. See id. at 225.
¶11 It is not readily apparent that issue preclusion should apply here. Prior to the writ petition, Purifoy's claims for enforcement of the plea agreement were based on the sentencing court's rejection of the concurrent sentence recommendation and its imposition of consecutive sentences. See State v. Purifoy , No. 1999AP3285, unpublished slip op. and order at 3-4 (WI App Nov. 21, 2000). Rejecting the plea breach argument for the second time, we explained that Purifoy had in fact received the benefit of his bargain because the State recommended concurrent sentences, as it agreed to do, in exchange for his guilty pleas.
¶12 When we rejected Purifoy's writ petition, we did so because we had previously concluded that he had received the benefit of his plea bargain, see Purifoy , No. 2016AP1065-W at 3, even though we had reached that conclusion more than three years before Purifoy was even committed under Chapter 980. Thus, while Purifoy has previously litigated issues related to his plea bargain with the State, it is not evident that the issue of whether "[a]llowing the State to hold [him] in custody beyond the stipulated time of the plea bargained disposition" violates the plea agreement has been litigated. See State v. Miller , 2004 WI App 117, ¶20, 274 Wis. 2d 471, 683 N.W.2d 485 (whether there is identity of issues is based on the factual and legal issues and their roles in the respective actions).
¶13 However, the circuit court in this case did not err in denying Purifoy's pretrial motion because the Chapter 980 commitment does not breach the plea agreement. Purifoy's argument is essentially a complaint that his punishment has been increased beyond the maximum exposure he faced under the plea deal, but Chapter 980 is "a civil commitment procedure primarily intended to protect the public and to provide concentrated treatment to convicted sexually violent persons, not to punish the sexual offender." State v. Carpenter , 197 Wis. 2d 252, 258-59, 541 N.W.2d 105 (1995). A potential Chapter 980 commitment is merely a collateral consequence of a guilty plea.[3] Purifoy also does not suggest that the terms of his plea agreement with the State called for him to remain free of collateral consequences or otherwise encompassed the possibility of civil commitment,[4] so the fact that he now faces such a consequence does not constitute a breach of that agreement. See State v. Zanelli , 212 Wis. 2d 358, 367-68, 569 N.W.2d 301 (Ct. App. 1997).
II. The Evidentiary Ruling
¶14 Purifoy next complains that the circuit court erroneously "denied entry of evidence about significant progress in treatment," thereby preventing the real controversy from being fully tried. Purifoy is referring specifically to a November 1, 2016 treatment progress report prepared by Dr. Mattek as required by WIS. STAT. § 980.07(4).[5] Dr. Mattek's report described Purifoy as meeting the four benchmarks identified in the statutory definition of "significant progress in treatment." See WIS. STAT. § 980.01(8)(a)-(d).
¶15 During Dr. Lodl's testimony, Purifoy attempted to offer Dr. Mattek's report as an exhibit. Previously, the State had made a hearsay objection to prevent Dr. Lodl from testifying about the document's contents and, when Purifoy offered the exhibit, the State objected because the district attorney claimed she had spoken to Dr. Mattek shortly before trial and he "indicated that his position is switched now." The circuit court did not accept Dr. Mattek's report as an exhibit but took the matter under advisement, planning to rule later on the report's admissibility. However, the circuit court never revisited the question.
¶16 Appellate courts review a circuit court's decision to admit or exclude evidence under an erroneous exercise of discretion standard. See State v. Shomberg , 2006 WI 9, ¶10, 288 Wis. 2d 1, 709 N.W.2d 370. "A circuit court's discretionary decision will not be reversed if it has a rational basis and was made in accordance with accepted legal standards in view of the facts in the record." State v. Giese , 2014 WI App 92, ¶16, 356 Wis. 2d 796, 854 N.W.2d 687.
¶17 Purifoy contends the circuit court was required to admit the report under WIS. STAT. § 980.09(2). He also argues that because Dr. Mattek's report demonstrated his progress in treatment, he has a due process interest in the report's admission. Purifoy further complains that the State was allowed to use Dr. Tyre's testimony to show detrimental aspects related to his treatment, but he was prohibited from introducing positive evidence of his treatment progression.
¶18 Dr. Mattek's report was not required to be admitted at trial under WIS. STAT. § 980.09(2). That statute provides only that, when a circuit court reviews a discharge petition to determine whether it contains sufficient facts to warrant a trial, "the court may consider ... any current or past reports filed under [ WIS. STAT. §] 980.07 [.]" Section 980.09(2) is not a rule of evidence or a rule of trial procedure.[6]
¶19 Moreover, even if the report was erroneously excluded, such exclusion is subject to harmless error analysis. See WIS. STAT. § 901.03(1). An erroneous evidentiary ruling is harmless "if there is no reasonable possibility that the error contributed to the [result]." State v. Everett , 231 Wis. 2d 616, 631, 605 N.W.2d 633 (Ct. App. 1999). A reasonable possibility is a probability sufficient to undermine confidence in the outcome of the proceedings. See id.
¶20 Any error in failing to admit Dr. Mattek's report was harmless. As the State points out, the three experts who did testify all commented on Purifoy's treatment progress, either through their written reports admitted as exhibits or their live testimony. Dr. Tyre noted that Purifoy was an active participant in the corrective thinking treatment track, making gains in understanding his history and his future risk. See WIS. STAT. § 980.01(8)(b)-(c). Dr. Lodl used Dr. Mattek's report as a base for his own report and noted that Purifoy was continuing in Phase 3 treatment with generally positive feedback from staff. See § 980.01(8)(a). Dr. Johnson provided more than two pages of treatment progress notes and stated that it "appears as though [Purifoy] is considered as having fully satisfied his treatment goals" in several areas. See § 980.01(8)(a)-(d). Thus, even without Dr. Mattek's report in evidence, the circuit court knew Purifoy was actively participating in treatment and making gains in controlling and conforming his behavior. Exclusion of the report, even if erroneous, was harmless and did not prevent the real controversy from being fully tried.
III. Competing Witness Testimony
¶21 To prove a petitioner is a sexually violent person, the State must show three things: that the person has been convicted of a sexually violent offense; that the person has a mental disorder; and that the person is dangerous to others because he has a mental disorder which makes it more likely than not that he will engage in one or more future acts of sexual violence. See WIS JI-CRIMINAL 2502; WIS. STAT. § 980.01(7). Here, it is not disputed that Purifoy was convicted of a sexually violent offense or that he has a mental disorder. Rather, Purifoy's focus is on the three expert witnesses called to opine on a part of the third factor: whether it is more likely than not that Purifoy will engage in one or more future acts of sexual violence.
¶22 Dr. Tyre had concluded that Purifoy "continues to meet that threshold of ... more likely than not that he would engage in a future act of sexual violence." Dr. Lodl's ultimate conclusion was that Purifoy's "risk of reoffense as we can determine it at this point in time is below the more likely than not standard, and so consequently he no longer meets the criteria for chapter 980." Dr. Johnson testified that Purifoy's "risk falls well below fifty percent, so he is not more likely than not" to reoffend in a sexually violent manner. Purifoy takes issue with the manner in which Dr. Tyre reached his conclusion and complains that it was an erroneous exercise of discretion for the circuit court to find that Dr. Tyre's clinical opinion was superior to and carried more weight than the opinions of Dr. Lodl and Dr. Johnson.[7]
¶23 "Findings of fact shall not be set aside unless clearly erroneous[.]" WIS. STAT. § 805.17(2). "A finding is clearly erroneous if 'it is against the great weight and clear preponderance of the evidence.' " State v. Arias , 2008 WI 84, ¶12, 311 Wis. 2d 358, 752 N.W.2d 748 (citations omitted). "When the [circuit] court acts as the finder of fact, it is the ultimate arbiter of the credibility of witnesses and the weight to be given to their testimony." Plesko v. Figgie Int'l , 190 Wis. 2d 764, 775, 528 N.W.2d 446 (Ct. App. 1994). Due regard is given to the circuit court's opportunity to judge the credibility of the witnesses because of its superior opportunity to observe the witnesses' demeanor and gauge the persuasiveness of their testimony. See Lessor v. Wangelin , 221 Wis. 2d 659, 667-68, 586 N.W.2d 1 (Ct. App. 1998).
¶24 " '[I]t is not our function to review questions as to weight of testimony and credibility of witnesses.' " See id. at 667 (citation omitted). Nor is it "within our province to reject an inference drawn by a fact finder when the inference drawn is reasonable." Global Steel Prod. Corp. v. Ecklund , 2002 WI App 91, ¶10, 253 Wis. 2d 588, 644 N.W.2d 269. When the evidence supports two conflicting but reasonable inferences, the circuit court, not the court of appeals, must decide which inference to draw. See Plesko , 190 Wis. 2d at 776. The circuit court's findings "will not be overturned on appeal unless they are inherently or patently incredible or in conflict with the uniform course of nature or with fully established or conceded facts." Global Steel , 253 Wis. 2d 588, ¶10.
¶25 Here, the circuit court, in its oral ruling on the discharge petition, noted the doctors' conflicting opinions about whether Purifoy qualified for discharge. The circuit court summarized each doctor's background, methodology, objective findings, and clinical conclusions. It explained that, upon analyzing the doctors' evaluations and opinions, it thought Dr. Tyre's report was superior and carried more weight. The circuit court then went on to explain precisely why it thought Dr. Tyre's opinion was the most reliable, including greater internal consistency and focus on Purifoy as an individual.
¶26 Resolving conflicting expert conclusions on the same topic and explaining how the conflict is resolved is precisely the type of weight and credibility assessment we depend on circuit court's to perform. Here, the circuit court's conclusion was reasonable and not contrary to the great weight of the evidence or the laws of nature. See Global Steel , 253 Wis. 2d 588, ¶10. We discern no erroneous exercise of discretion in its decision to give greater weight to Dr. Tyre's opinion.
SUMMATION
¶27 Specific performance of the plea agreement in Purifoy's criminal case is not reviewable in this proceeding because the Chapter 980 commitment is only a collateral consequence, not punishment, and its use is not a breach of the agreement. Even if the circuit court erred in excluding Dr. Mattek's progress treatment report as a trial exhibit, the exclusion was harmless because the circuit court had evidence about Purifoy's treatment progress from the three other doctors' testimony and reports. Finally, we discern no erroneous exercise of discretion in the circuit court's determination of which expert it found most persuasive.
By the Court. -Order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

On December 17, 2012, Purifoy filed a discharge petition, which he withdrew on March 25, 2013. On November 17, 2014, the State Public Defender sent Purifoy correspondence regarding an eligibility interview "for the petition of discharge" in this case. Presumably, a new discharge petition was filed between March 25, 2013, and November 17, 2014, and it appears that this petition gave rise to the instant appeal. The record, however, does not appear to contain the underlying discharge petition. While the contents of the petition are irrelevant to the resolution of the appeal, the petition's absence from the record leaves a gap in the case history.

A circuit court has no duty to warn a defendant about collateral consequences, so a potential Chapter 980 commitment does not provide grounds for plea withdrawal. See State v. Myers , 199 Wis. 2d 391, 394, 544 N.W.2d 609 (Ct. App. 1996).

It is a virtual certainty that the plea agreement was silent with respect to any future Chapter 980 commitment, because Chapter 980 was not enacted until 1993. See 1993 Wis. Act 479, § 40.

Wisconsin Stat. § 980.07(1) requires the Department of Health Services to re-examine a Chapter 980 committee every twelve months. Section 980.07(4) requires the treating professional to prepare a treatment progress report separate from a reexamination report required under § 980.07(2).

Relying on State v. Brown , 2004 WI App 33, ¶9, 269 Wis. 2d 750, 676 N.W.2d 555, Purifoy also appears to suggest that Dr. Mattek's report was admissible by statute as an exception to the general prohibition against hearsay. However, Brown does not support Purifoy's argument. First, Brown dealt with a petition for supervised release under Wis. Stat. § 980.08(3) (2003-04) and the statutory requirement that the circuit court appoint an examiner who "shall ... furnish a written report of the examination to the court[.]" There is no similar requirement for furnishing an examiner's report relating to a Wis. Stat. § 980.09 discharge petition. Second, our decision in Brown was reversed by the supreme court. See State v. Brown , 2005 WI 29, ¶6, 279 Wis. 2d 102, 693 N.W.2d 715. Although the majority declined to reach the hearsay issue, see id. , ¶59, the concurrence noted that § 980.08(3) merely sets out a procedure; it does not establish a hearsay exception. See Brown , 279 Wis. 2d 102, ¶101 (Butler, J., concurring).

Purifoy also "avers that the government is required to establish a means by which confined 980 sex offenders can progress through treatment as a means of release and Purifoy is entitled to be examined on the basis of his having progressed through that treatment."
"Progress through treatment" is not the applicable standard for discharge from a Chapter 980 commitment; the question is whether Purifoy no longer meets the criteria for commitment as a sexually violent person. See Wis. Stat. § 980.09(1). Progress in treatment is one way of showing that a person no longer remains a sexually violent person, but it is not the only way, and progress alone is not dispositive. See State v. Pocan , 2003 WI App 233, ¶12, 267 Wis. 2d 953, 671 N.W.2d 860.