STATE of Wisconsin, Plaintiff-Respondent,

v.

Thomas A. NOMMENSEN, Defendant-Appellant.†

Court of Appeals

*No. 2006AP2727–CR. Submitted on briefs August 30, 2007.*
*—Decided September 19, 2007.*

2007 WI App 224

(Also reported in 741 N.W.2d 481.)

† Petition to review denied 1/22/08.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Anthony L. O'Malley* of *Zacherl, O'Malley & Endejan, S.C.* of Fond du Lac.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *J.B. Van Hollen*, attorney general, and *James M. Freimuth*, assistant attorney general.

Before Brown, C.J., Anderson, P.J., and Nettesheim, J.

¶ 1. NETTESHEIM, J.  Thomas A. Nommensen appeals from a nonfinal order denying his motion to dismiss this criminal prosecution for the repeated sexual assault of a child in Washington county on double jeopardy and claim and issue preclusion grounds[1]. Nommensen contends that this prosecution is barred by a jury's not guilty verdict rendered in a prior prosecution in Fond du Lac county for the repeated sexual assault of the same child. We hold that this prosecution is not barred by the law of double jeopardy or claim and issue preclusion. We affirm the order denying Nommensen's motion to dismiss.

## PROCEDURAL HISTORY

¶ 2.  In March 2004, the State filed a criminal complaint in Washington county charging Nommensen with the repeated sexual assault of his daughter pursuant to Wis. Stat. § 948.025(1) (2005–06).[2] The complaint alleged that the assaults occurred between May 1994 and April 1998 in the city of West Bend in Washington county. The following month, the State filed a criminal complaint in Fond du Lac county again

---

[1] By order of September 5, 2007, we granted Nommensen's petition for leave to appeal the nonfinal order.

[2] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

charging Nommensen with the repeated sexual assault of his daughter in the city of Fond du Lac in Fond du Lac county. This complaint alleged that the assaults occurred between April 1998 and December 2000. Thus, the time periods alleged in the two criminal complaints contained a one-month "overlap" of April 1998.

¶ 3. The Washington county case was tried first, and a jury found Nommensen guilty. Postconviction, Nommensen discovered new evidence indicating that his daughter had told a third person that she had lied about her accusations against Nommensen. Based on this new evidence, the Washington county circuit court granted Nommensen's request for a new trial. However, the court stayed further proceedings pending disposition in the Fond du Lac county case. Later, a jury found Nommensen not guilty in the Fond du Lac county case.[3]

¶ 4. Nommensen then moved for dismissal of the charges in the Washington county case on double jeopardy and claim and issue preclusion grounds. The circuit court denied the motion. Nommensen appeals, renewing his double jeopardy and claim and issue preclusion arguments.

## DISCUSSION

¶ 5. Both the state and federal constitutions offer protection against double jeopardy. *State v. Anderson*, 219 Wis. 2d 739, 746, 580 N.W.2d 329 (1998). Whether an individual's constitutional right to be free from double jeopardy has been violated presents a question

[3] Unlike the Washington county case, the newly discovered evidence was presented to the jury and Nommensen testified in his own defense.

of law. *Id.* The double jeopardy clause protects in three areas: (1) protection against a second prosecution for the same offense after acquittal, (2) protection against a second prosecution for the same offense after conviction, and (3) protection against multiple punishments for the same offense. *State v. Kurzawa*, 180 Wis. 2d 502, 515, 509 N.W.2d 712 (1994); *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969), *overruled on other grounds*, *Alabama v. Smith*, 490 U.S. 794, 802 (1989). This case implicates the first area of protection: a second prosecution for the same offense after acquittal.

### *Identical in Law and Fact*

¶ 6. The first prong in a double jeopardy inquiry is whether the multiple charges are identical in law and in fact. *Anderson*, 219 Wis. 2d at 746. If so, the charges are multiplicitous in violation of the double jeopardy clauses of the federal and state constitutions, and the inquiry ends. See *id.* at 746–47. If not, we look to whether the legislature nonetheless intended the multiple offenses to be brought as a single count. *Id.* at 746.

¶ 7. Here, the State charged Nommensen with the repeated sexual assault of his daughter in both Washington and Fond du Lac counties pursuant to Wis. Stat. § 948.025(1). Thus, the State concedes, as it must, that the charges are identical in law. So we move to the question of whether the charges are identical in fact. The supreme court describes this inquiry as a "continuous offense" challenge in which we focus "on the facts of a given defendant's criminal activity." *Anderson*, 219 Wis. 2d at 747.

¶ 8. Charged offenses are not multiplicitous if the facts are either separate in time or of a significantly

701

different nature. *Id.* at 749. "The appropriate question is whether these acts allegedly committed . . . are so significantly different in fact that they may properly be denominated separate crimes although each would furnish a factual underpinning or a substitute legal element for the violation of the same statute." *Id.* (citation omitted). Charges are not the same in fact if each requires proof of a fact that the other does not. *Blockburger v. U.S.*, 284 U.S. 299, 304 (1932). Multiple offenses are significantly different in nature if each requires "a new volitional departure in the defendant's course of conduct." *Anderson*, 219 Wis. 2d at 750 (citation omitted).

¶ 9.    Here, it is self-evident that the separate allegations against Nommensen in Washington county and Fond du Lac county are different in fact since the conduct occurred in different locations. From that, it is also self-evident that the conduct had to have occurred at different times. In short, Nommensen could not have been in two different locations at the same time. From that, it also follows that the conduct alleged against Nommensen in Fond du Lac county and the separate conduct alleged in this case each represent "a new volitional departure in [Nommensen's] course of conduct." *See id.* So, despite the "overlap" period of April 1998, a future fact finder in this case could not convict Nommensen based on the conduct for which he was acquitted in the Fond du Lac county case.

¶ 10.    The law of venue supports our thinking. Although venue is not an element of the crime, but rather is a matter of procedure, venue must nevertheless be proven beyond a reasonable doubt. *State v. Dombrowski*, 44 Wis. 2d 486, 501–02, 171 N.W.2d 349

(1969).[4] This principle of law further guarantees that Nommensen is not prosecuted in Washington county for the conduct he successfully defended against in Fond du Lac county.[5]

¶ 11.  In the first trial in this Washington county case, the information charged Nommensen with the repeated sexual assault of his daughter "at the City of West Bend, Washington County, Wisconsin." The circuit court read this language to the jury at the outset of the jury instructions. In addition, the guilty verdict read, "We, the Jury, find [Nommensen] guilty of repeated sexual assault of a child on and between May of 1994 and April of 1998, *in the City of West Bend, Washington County, Wisconsin, as charged in the first count of the Information.*" (Emphasis added.) We assume the jury instructions and verdict in the future trial in this case will echo this language, assuring that the jury will understand that its ultimate verdict must be premised on Nommensen's conduct in Washington county.[6]

---

[4] In *State v. Swinson*, 2003 WI App 45, 261 Wis. 2d 633, 660 N.W.2d 12, the court of appeals held that "[a] specific instruction on venue needs to be given only when venue is contested." *Id.*, ¶ 26. *See also* WIS JI—CRIMINAL 267.

[5] On the topic of venue, Nommensen argues that the State cannot divide its sovereignty between several counties. We think this argument goes more to the question of whether the legislature intended to allow multiple prosecutions if the multiple charging survives a "similar in fact" analysis. Because our ensuing discussion concludes that the legislature did not intend to bar the multiple prosecutions in this case, we reject Nommensen's contention that the State has improperly divided its sovereignty between Washington county and Fond du Lac county.

[6] The record in this case does not include the jury instructions or the jury verdict in the Fond du Lac county case. However, Nommensen's appendix does include the Fond du Lac

¶ 12. We conclude that the multiple offenses charged in this case are not identical in fact.

## Legislative Intent

¶ 13. That brings us to the next level of the inquirywhether the legislature intended that multiple charges, which are different in fact, may be brought only as a single count. *Anderson*, 219 Wis. 2d at 751. When the multiple charges are different in fact, we begin with a presumption that the legislature intended multiple prosecutions and punishments. *See id.* In conducting this inquiry, we consider four factors: (1) the statutory language, (2) the legislative history and context, (3) the nature of the proscribed conduct, and (4) the appropriateness of multiple punishment. *Id.* at 751–52.

¶ 14. *Language of the Statute.* We do not find the language of Wis. Stat. § 948.025(1) to be particularly helpful on the question of legislative intent. The statute criminalizes "3 or more violations under s. 948.02(1) or (2) within a specified period of time involving the same child." The statute does not expressly recite a "unit of prosecution" for multiple violations of its provisions. In *Anderson*, the supreme court made a similar observation on the question of whether violations of multiple conditions of bail permitted multiple prosecutions under the bail-jumping statute. *Anderson*, 219 Wis. 2d at 753. The court said, "Based on the plain language of the statute, reasonable people could disagree regarding its

county complaint and information, both of which allege that Nommensen's conduct occurred in that county. Nommensen makes no claim that the jury instructions and verdict in the Fond du Lac county case did not reflect this charging language.

meaning . . . ." *Id*. Thus, the court turned to the legislative history and context to discern the legislative intent. *Id*. We do the same here.

¶ 15. *Legislative History*. WISCONSIN STAT. § 948.025 was enacted to address the problem that often arises in cases where a child is the victim of a pattern of sexual abuse and assault but is unable to provide the specifics of an individual event of sexual assault.[7] The purpose of the legislation was to facilitate prosecution of offenders under such conditions. To hold that multiple prosecutions are not permitted where the pattern of conduct reveals multiple instances of "3 or more violations" of sexual assault in different venues would run counter to this statutory purpose.[8]

¶ 16.   Moreover, we note that at subsec. (3) of WIS. STAT. § 948.025, the legislature provided that a defendant may not be charged in the same action with both repeated sexual assault of a child under subsec. (1) and other enumerated violations of other statutory sections involving the same child.[9] Thus, the legislature saw fit

---

[7] The State appropriately cites to a district attorney's letter in the drafting file of WIS. STAT. § 948.025, which documents these problems with child victims.

[8] In *State v. Johnson*, 2001 WI 52, 243 Wis. 2d 365, 627 N.W.2d 455, the supreme court addressed the constitutionality of the provision in WIS. STAT. § 948.025 which does not require jury unanimity as to the specific individual acts of sexual assault that combine to constitute the crime of repeated sexual assault of the same child. *Id.*, ¶ 1. In the course of that discussion, the court alluded to the "special difficulties" that are sometimes presented in state court prosecutions for sexual abuse of minors. *Id.* ¶ 27.

[9] These charging prohibitions do not apply where "the other violation occurred outside of the time period applicable under

705

to place certain charging restrictions against the State under certain scenarios. But these do not extend to the situation here where the "3 or more" multiple prosecutions cover wholly discrete instances at different times and in different venues. We deem the legislature's silence on this point telling and relevant to the question before us.

¶ 17. *Nature of the Proscribed Conduct.* On this point, the State appropriately cites to the case law which has noted that sexual assault is an invasion of bodily integrity (*State v. Selmon*, 175 Wis. 2d 155, 166, 498 N.W.2d 876 (Ct. App. 1993)), that each type of sexual assault is significant (*State v. Eisch*, 96 Wis. 2d 25, 36, 291 N.W.2d 800 (1980)), and that in multiple-offense settings, each offense is a denigration of the victim's integrity and safety (*State v. Bergeron*, 162 Wis. 2d 521, 536, 470 N.W.2d 322 (Ct. App. 1991)). We would do damage to these principles were we to hold that multiple prosecutions for additional or sequential "3 or more violations" are barred where the multiple chargings cover wholly discrete instances at different times and in different venues.

¶ 18. *Appropriateness of Multiple Punishments.* This consideration is largely governed by what we have already said. The multiple charges against Nommensen are different in fact. The legislative history and the nature of the proscribed conduct both support the State's right to bring multiple prosecutions where the two "3 or more" episodes are discrete as to time and

sub. (1). WIS. STAT. § 948.025(3). Subsection (1) requires that the "3 or more violations" occur "within a specified period of time."

venue. To hold otherwise would undo the goal of the legislature in enacting WIS. STAT. § 948.025.

*Issue and Claim Preclusion*

¶ 19. Nommensen also makes arguments under the law of issue and claim preclusion. Based largely on what we have already said, we reject both arguments. Claim preclusion requires, among other elements, an identity between the causes of action. *Northern States Power Co. v. Bugher*, 189 Wis. 2d 541, 551, 525 N.W.2d 723 (1995). Here, the Fond du Lac county claim addressed Nommensen's alleged pattern of sexual assaults of his daughter in *Fond du Lac county*. The present claim addresses Nommensen's alleged pattern of sexual assaults of his daughter in *Washington county*. These represent discrete claims.

¶ 20. Issue preclusion bars the relitigation of issues that have actually been decided in a previous case between the same parties. *State v. Miller*, 2004 WI App 117, ¶ 19, 274 Wis. 2d 471, 683 N.W.2d 485. Where there has been a previous judgment of acquittal, the trial court in the subsequent prosecution must examine the record of the prior proceeding, taking into account the pleadings, the evidence, the charge, and other relevant matter and determine *whether a rational jury could have grounded its verdict of acquittal* upon an issue other than that which the defendant seeks to foreclose from consideration. *State v. Vassos*, 218 Wis. 2d 330, 343, 579 N.W.2d 35 (1998) (emphasis added). Here, as noted, the Fond du Lac county complaint and information alleged Nommensen's repeated sexual assault of his daughter *in Fond du Lac county*.

Nommensen has provided nothing to suggest that the jury instructions or the verdict form permitted the Fond du Lac county jury to stray beyond those allegations and to premise its verdict of acquittal on events occurring in Washington county.

## CONCLUSION

¶ 21.   We hold that this Washington county prosecution is not barred by principles of double jeopardy or issue and claim preclusion.

*By the Court.*—Order affirmed.