COURT OF APPEALS
DECISION
DATED AND FILED

August 24, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP912-CR**

Cir. Ct. No. **2019CF82**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

CHRISTOPHER R. HEINS,

   DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Ozaukee County: PAUL V. MALLOY, Judge. *Affirmed*.

Before Gundrum, P.J., Neubauer and Grogan, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Christopher R. Heins appeals a judgment of conviction for first-degree sexual assault of a child and an order denying his postconviction motion. He argues his trial attorney rendered constitutionally ineffective assistance by failing to seek clarification of the charging period, failing to request an instruction regarding jury unanimity, and failing to secure admission of a social media video made by the victim for use in the defense case. We reject these arguments and affirm.

## BACKGROUND

¶2 The State filed a criminal complaint on April 9, 2019, alleging that between September 1, 2018, and September 30, 2018, Heins had sexual contact with the victim, who was age ten at the time. According to the complaint, the victim had reported that Heins, the victim's stepfather, often asked her to snuggle on the couch in the living room, and then he would move his hand up her shirt and into her underwear. She stated this occurred "approximately six to seven times with the last being in September of 2018." The charged offense was a single count of first-degree sexual assault of a child.

¶3 The appellate record does not contain any pretrial motions by the defense. A few days before trial, the State filed an amended information alleging that the offense had occurred between August 1, 2018, and October 30, 2018. The amended information was briefly discussed at the final pretrial. Heins's trial counsel acknowledged receiving it but stated he had not yet discussed the matter with his client. Ultimately, Heins's trial counsel did not object or seek a continuance of the trial date.

¶4 At the trial, the victim was asked about the chain of disclosures she had made, first to her friend, then to the school principal and school psychologist,

and ultimately to a forensic interviewer and a medical doctor. She then responded "[y]es" when asked if there was a time in the fourth grade when Heins touched her in a way that made her feel uncomfortable.

¶5    The victim was prompted to identify "when this first started," and she responded that she could not identify the month, but it was when she was in fourth grade. She was asked to describe what she could remember "about the very first time," and in response the victim described how she was snuggling on the couch with Heins when he placed his hand inside her clothing and touched the top of her vagina for between two and five minutes. The touching stopped when the victim got up to go to the bathroom. When asked if this behavior ever occurred again, she testified that it happened rarely, perhaps three to four times between August and October of 2018.

¶6    The only other witnesses at trial were the defendant and the forensic interviewer. The jury returned a guilty verdict, and the circuit court sentenced Heins to ten years' initial confinement and ten years' extended supervision.

¶7    Heins obtained postconviction counsel and sought a new trial based on ineffective assistance of counsel. As relevant here, Heins argued trial counsel should have made an effort to narrow the charging period. This, according to postconviction counsel, would have allowed the defense to pursue an alibi and forced the State to either "firm … up" the date of the assault or modify the charge to repeated sexual assault of a child.[1] Postconviction counsel also argued there was a jury "unanimity issue" because there were "multiple dates alleged for a

---

[1] *See* WIS. STAT. § 948.025 (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

single act." Finally, Heins asserted that trial counsel was constitutionally ineffective in the handling of a social media post by the victim, a TikTok video that trial counsel wanted to use to impeach the victim's testimony that she did not seek out attention. Trial counsel had made no pretrial effort to secure the admissibility of that video, and it was ultimately not allowed into evidence.

¶8 The circuit court rejected these arguments and denied the postconviction motion. Based on testimony at the *Machner* hearing,[2] it found that Heins made a decision to proceed to trial despite the elongated time period. Additionally, the court noted that requesting that the State narrow the time frame of the alleged assault could have prompted the State to seek modification of the charge to repeated sexual assault of a child. The court addressed the unanimity issue by noting that the court itself typically fashioned criminal jury instructions, so it was "not surprising that any jury instructions were not submitted." Regarding the TikTok video, the court determined the video featured the victim dancing to hip hop music and using "foul language," and it concluded the video had minimal probative value to the allegations against Heins. Heins now appeals.

## DISCUSSION

¶9 Heins alleges three instances of ineffective assistance of trial counsel on appeal. To prevail on an ineffective-assistance claim, the defendant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defendant. *State v. Savage*, 2020 WI 93, ¶27, 395 Wis. 2d 1, 951 N.W.2d 838; *see also Strickland v. Washington*, 466 U.S. 668 (1984). We review

---

[2] *See State v. Machner*, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).

an ineffective-assistance-of-counsel claim using a mixed standard of review. *Savage*, 395 Wis. 2d 1, ¶25. The circuit court's factual findings, including those regarding trial counsel's conduct and strategy, will not be overturned unless they are clearly erroneous, but we review de novo whether counsel's conduct constitutes constitutionally ineffective assistance. *Id.* If the defendant fails to establish either prong, we need not address the other. *Id.*

¶10    To demonstrate deficient performance, the defendant must show that his or her attorney made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Id.*, ¶28. We presume that counsel's conduct fell within the wide range of reasonable professional assistance, and we will grant relief only upon a showing that counsel's performance was objectively unreasonable under the circumstances. *Id.* Prejudice is demonstrated by showing a reasonable probability that, but for counsel's unprofessional conduct, the result of the proceeding would have been different. *Id.*, ¶32.

I.    *Trial counsel did not render constitutionally ineffective assistance by failing to challenge the enlarged charging period.*

¶11    Constitutional notice requires that the defendant be given sufficient details regarding the nature of the charge and the conduct underlying the accusation to allow him or her to prepare and conduct a defense. *State v. Stark*, 162 Wis. 2d 537, 544, 470 N.W.2d 317 (Ct. App. 1991). Except where the date of the commission of the crime is a material element, the date "need not be precisely alleged." *Id.* at 545 (citing *State v. Fawcett*, 145 Wis. 2d 244, 250, 426 N.W.2d 91 (Ct. App. 1988)). Whether the time period alleged in a complaint and information is sufficient to provide the defendant with adequate notice is a question of constitutional fact that we review de novo. *State v. Kempainen*, 2015 WI 32, ¶16, 361 Wis. 2d 450, 862 N.W.2d 587.

5

¶12 A more flexible application of notice requirements is both "required and permitted" in cases involving the sexual assault of "children of tender years." *Stark*, 162 Wis. 2d at 545; *see also Kempainen*, 361 Wis. 2d 450, ¶¶22-23. To that point, "we are mindful that child victims of sexual assault are often unable to pinpoint dates." *Stark*, 162 Wis. 2d at 545; *see also State v. Hurley*, 2015 WI 35, ¶33, 361 Wis. 2d 529, 861 N.W.2d 174. Courts must take that into consideration when evaluating the charging period for reasonableness under *Fawcett* and *Kempainen*. *Stark*, 162 Wis. 2d at 545; *see also Kempainen*, 361 Wis. 2d 450, ¶28 (endorsing a "totality of the circumstances" approach and noting courts may consider the seven *Fawcett* factors and any other relevant factors helpful to determining whether a complaint is sufficient to satisfy due process).

¶13 Here, the time period alleged was not constitutionally infirm, nor has Heins demonstrated the State was required to do more to narrow the time period. The criminal complaint gave reasonably specific notice of the time, place, and manner of the inappropriate touching, alleging that on several occasions in September 2018, Heins had asked the victim to snuggle on the living room couch at the residence they shared, at which time he would touch her private areas. The amended information expanded the relevant time period by one month on either side, to August and October 2018.

¶14  The totality of the circumstances here establish that the expanded charging period did not violate constitutional norms.[3]  The victim was ten years old, enhancing the difficulty of identifying a specific date.  The charging documents allege the incidents took place at a location the victim was regularly present at, and Heins, the alleged perpetrator, was a person with whom the victim resided and had a close familial relationship.[4]  *See Hurley*, 361 Wis. 2d 529, ¶¶44-45.  There was an approximately six-month delay in reporting the incidents, which—while not an excessive time period—could have hindered the victim's ability to recall specific dates.  Moreover, the victim alleged several instances of inappropriate touching, likely making the specific date of any one incident less memorable.

¶15  Given those factors, the August-through-October time frame was constitutionally permissible in light of the flexibility afforded to child victims of sexual assault.  Moreover, such a holding is fully consistent with our case law. *See Fawcett*, 145 Wis. 2d at 246-47 (holding a six-month charging period for two alleged instances of sexual assault did not violate constitutional notice requirements under the circumstances).

---

[3] Because Heins's argument centers on his notice of the charge and ability to prepare a defense, for this portion of the analysis, we limit our examination to the four corners of the charging documents.  *See State v. Fawcett*, 145 Wis. 2d 244, 250, 426 N.W.2d 91 (Ct. App. 1988).  These documents include the criminal complaint and the information.  *See State v. Kempainen*, 2015 WI 32, ¶2 n.4, 361 Wis. 2d 450, 862 N.W.2d 587.  Matters extrinsic to the charging documents will be considered only as they pertain to Heins's implied argument that his trial counsel should have required the State to further refine the time period.

[4] The criminal complaint did not allege that Heins was the victim's stepfather. Nonetheless, the complaint stated that the victim and her mother resided with the defendant at the relevant time period, and Heins would certainly have known where he lived and who he lived with at that time, as well as his relationships with those individuals.

¶16    To the extent Heins suggests the State had an obligation to narrow the charging period, the record belies this argument. The State may not sit on information it has that suggests the relevant offense may have occurred during a shorter time span than the one charged. *See Stark*, 162 Wis. 2d at 546. Here, the State initially alleged the offense occurred during a one-month period, but expanded that to a three-month period a few days before trial. This amendment was undoubtedly precipitated by the victim's anticipated testimony; at the *Machner* hearing, trial counsel agreed that the charging period had been expanded through October 2018 based upon the victim's statement that she had moved from the residence at the end of that month.

¶17    At trial, the victim was adamant that she could not recall specific dates, and she gave inconsistent answers about whether she believed the last incident occurred in September or October. She testified the assaults occurred in the evening when it was dark. The victim stated she did not write anything down because she was afraid someone would discover her memorialization of the incidents. And it is clear she measured the relevant time period not by date, but by the significant events in her life—e.g., that she was in fourth grade and that her parents were divorcing.

¶18    Our case law does not hold the State to an impossible burden. The State in this case had a victim who could not precisely identify dates. Under *Stark*, when the State has "no control over the ability to narrow" the relevant charging period, it "does not have a duty to disclose information it does not have." *Stark*, 162 Wis. 2d at 545. Heins is unable to point to anything suggesting the State had information that supported a shorter time frame for the charged offense.

¶19    In addition to being legally unsupported, there were strategic reasons for not bringing a pretrial motion to narrow the charging period. Trial counsel acknowledged at the ***Machner*** hearing that he had discussed whether the prosecutor would be potentially amending the charge to repeated sexual assault of a child. Trial counsel acknowledged that this would have placed an additional burden on the State to prove that three or more instances of sexual contact had occurred. However, counsel testified that "as far as … one allegation over a period of time, it seemed to be more likely to get an acquittal rather than going after the repeated with multiple contact dates and times." While Heins faults his trial counsel for not seeking a more specific time period, there was a considerable risk that doing so would have prompted an amended charge.[5]

¶20    Heins argues that, given the additional burden placed upon the State to prove the elements of repeated sexual assault of the same child, that was the more preferable and appropriate charge as opposed to a single violation of WIS. STAT. § 948.02(1)(e). Heins misconstrues the purpose of the repeated sexual assault statute, WIS. STAT. § 948.025. That statute was designed to "facilitate prosecution of offenders" when "a child is the victim of a pattern of sexual abuse and assault but is unable to provide the specifics of an individual event of sexual assault." ***State v. Nommensen***, 2007 WI App 224, ¶15, 305 Wis. 2d 695, 741

---

[5] Heins expresses skepticism that the State had evidence sufficient to support an amended charge for repeated sexual assault of the same child. He relies on trial counsel's testimony that he did not "remember the exact numbers that she threw out." However, Heins does not present any evidence or argument that the victim had ever alleged fewer than three instances of touching. The criminal complaint alleged six or seven instances and the victim testified at trial that it happened three or four times. And though the prosecutor at the postconviction hearing stated that he would have liked to charge Heins with a violation of WIS. STAT. § 948.025 but did not believe the evidence supported that charge, there is no indication that trial counsel was aware of the prosecutor's assessment of the evidence prior to trial. As a result, we cannot conclude trial counsel's concern about an amended charge was unreasonable.

N.W.2d 481. As discussed in more detail below regarding unanimity, the victim here *was* able to provide specifics of an individual event, describing in detail how the first act of sexual contact occurred.

¶21  Finally, Heins suggests his attorney was unprepared for trial given the elongated charging period.[6] Trial counsel testified at the ***Machner*** hearing that he received the amended information along with a "cell phone dump" from the State on the Friday before trial. Counsel continued, "I did address that and talked to Mr. Heins specifically about continuing the case and delaying the trial based on that, and it was his position that he would rather have the trial move forward."[7] Trial counsel testified he would have preferred to ask for a continuance. Nonetheless, trial counsel acceded to Heins's wishes and spent the Friday, Saturday, and Sunday preparing for trial, including by discussing the case with Heins and "going through the discovery and the new cell phone dump." We

---

[6] It is unclear whether Heins is attempting to argue that his trial counsel was deficient for failing to present alibi evidence. In asserting that the charging period was constitutionally impermissible, Heins certainly attempts to portray the elongated period as stymieing any alibi defense. To the extent Heins attempts to advance an issue regarding an alibi, we deem the argument insufficiently developed. *See **Block v. Gomez***, 201 Wis. 2d 795, 811, 549 N.W.2d 783 (Ct. App. 1996).

Even so, we perceive no basis on this record to conclude trial counsel was constitutionally ineffective with regard to investigating an alibi defense. Trial counsel testified that he and Heins discussed "that there was a time range that we had to start accounting for." Trial counsel attempted to contact individuals Heins had named, but those individuals did not return calls. Heins's work schedule covered primarily days, not evenings. Moreover, trial counsel testified there was no written softball schedule that he was aware of, and the softball games happened four times a week on specific days, whereas the victim's allegations had no specific dates to cross-reference. Alternatively, even if Heins could demonstrate some arguable deficiency in trial counsel's investigative efforts, Heins has failed to establish prejudice by showing that further investigation would have allowed him to present a meritorious alibi defense with a narrower charging period.

[7] Heins did not testify at the ***Machner*** hearing, and the circuit court accepted trial counsel's testimony as establishing what occurred.

perceive no deficiency arising from trial counsel's decision to continue to trial and prepare in a short time frame. *See Strickland*, 466 U.S. at 691 ("The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions.").

II. *Trial counsel did not render constitutionally ineffective assistance by failing to request a jury instruction regarding unanimity.*

¶22 The right to a trial by jury includes the right to a unanimous verdict in criminal trials. *State v. Dukes*, 2007 WI App 175, ¶33, 303 Wis. 2d 208, 736 N.W.2d 515. Heins argues this right was violated here, although he primarily frames this challenge in terms of trial counsel's failure to challenge the elongated charging period in the amended information—a claim we have already rejected. Heins argues that "because there were multiple allegations argued but because this was charged as a single act, there is a question of whether the verdict was unanimous." Rather than going to the soundness of the charging period, we regard Heins's argument to be that his trial counsel should have requested WIS JI—CRIMINAL 517 (2010), the jury unanimity instruction.[8]

¶23 The parties generally rely on the same chain of case law, particularly *State v. Lomagro*, 113 Wis. 2d 582, 335 N.W.2d 583 (1983), and *State v. Gustafson*, 119 Wis. 2d 676, 350 N.W.2d 653 (1984), *modified on reconsideration*, 121 Wis. 2d 459, 359 N.W.2d 920 (1985). In both cases, our supreme court concluded that the circuit court did not err by failing to instruct the jury that unanimity was required as to the specific act constituting the charged

---

[8] As relevant here, that instruction states, "Before you may return a verdict of guilty, all 12 jurors must be satisfied beyond a reasonable doubt that the defendant committed the same act and that the act constituted the crime charged."

sexual assault when evidence was presented of multiple acts that could constitute the offense. The general rule is that "[i]f there is only one crime, jury unanimity on the particular alternative means of committing the crime is required only if the acts are conceptually distinct." *Lomagro*, 113 Wis. 2d at 592.

¶24 As Heins notes, the facts here do not comfortably fit within the framework established in those cases. Whereas the victims in *Lomagro* and *Gustafson* alleged that multiple unwanted sexual acts had occurred over a period of hours while the victim was present with the defendant, here the offenses occurred over the course of several months. We have no trouble concluding the acts here were "conceptually similar," as the victim offered no testimony about anything that would have distinguished one incident from another. *See State v. McMahon*, 186 Wis. 2d 68, 81, 519 N.W.2d 621 (Ct. App. 1994). But the number of separate acts is a significant, and separate, consideration. *Id.* at 82.

¶25 We ultimately reject Heins's unanimity argument on two bases. First, *McMahon* appears to be controlling on the question of whether trial counsel was constitutionally ineffective for failing to raise the unanimity issue. *McMahon* featured factual circumstances materially similar to those present here: the victim alleged that McMahon had sexual contact with her twelve times over a one-and-one-half month period, and McMahon was charged with (and convicted of) one count of incestuous sexual intercourse occurring over that time period. *Id.* at 79-80. At trial, the victim stated she could not separate one time from the other in her mind, and on appeal, McMahon argued his trial attorney was constitutionally ineffective for allowing the State to "lump[] together in a single count the 'sheer number of incidents' which allegedly took place during [that] time period." *Id.* at 79.

¶26 We used "*Lomagro* as our guide" to determine whether McMahon's trial counsel performed deficiently by failing to ensure there was unanimity as to the act or acts that formed the basis for the conviction. *McMahon*, 186 Wis. 2d at 81. We specifically noted the absence of any case law concluding that multiple sexual acts occurring over the course of more than a month amounted to a single, continuous transaction. *Id.* at 82. And while we questioned the State's understanding of *Lomagro* in that case, we determined that the decision "can be reasonably analyzed in two different ways." *Id.* at 84. Accordingly, we concluded as follows:

> [W]hile a future court may well hold a count like the one at issue here to be duplicitous, the area is murky enough that counsel was not deficient for failing to raise the issue. We think ineffective assistance of counsel cases should be limited to situations where the law or duty is clear such that reasonable counsel should know enough to raise the issue.

*Id.* at 84-85. So far as we can tell—and so far as the authorities the parties have provided indicate—the murky state of the law persists regarding facts like those presented here and in *McMahon*.

¶27 Second, even if we were to conclude that Heins's interpretation of *Lomagro* is the more compelling one, the evidence in this case does not support the premise that there was a unanimity problem. Ultimately, we must determine whether the jury could have convicted Heins in the absence of an agreement about which of the acts occurred. *Cf. McMahon*, 186 Wis. 2d at 83 (observing that even under the State's understanding of *Lomagro*'s "one continuous transaction" requirement, "[t]he question still remains whether a jury could be in dispute about which of the twelve episodes occurred within the temporal boundaries").

13

¶28    Here, the victim was asked to describe with particularity only one act of sexual assault: the first time Heins touched her inappropriately. The victim described that event in detail: where she and Heins were positioned on the living room couch when Heins asked her to snuggle, where her mother was when the incident occurred, where and how Heins touched her, how long the assault lasted, and how she extricated herself from the situation. And although the victim acknowledged that there were incidents subsequent to that, she provided no detailed testimony regarding their circumstances.[9]

¶29    To be sure, the prosecutor and trial counsel gave the victim opportunities to create a detailed record of the individual acts. The prosecutor asked a couple of generic follow-up questions—whether it was "the same kind of thing that happened each time" and whether "all of these [incidents] happen[ed] in the same place?" Heins's trial counsel on cross-examination, too, asked the victim whether "[e]very time it was exactly the same?" The victim answered these questions affirmatively. But neither the questioning nor the answers created a detailed chronicle of the discrete acts, and as to all the events the victim was not specific about dates or times. The only detailed description of an incident was the first act of touching described by the victim in her direct testimony.

¶30    Put succinctly, the transcript shows that the focus of the questioning was on the first act of touching that occurred. Although there were follow-up questions that acknowledged the victim's claim of repeated touching, neither those questions nor the answers to them provided an evidentiary basis upon which the

---

[9] Heins has not argued his trial counsel should have objected to the victim's testimony about other instances of touching, and we therefore do not address the constitutional adequacy of trial counsel's representation on that issue.

jurors could have convicted Heins but disagreed about which act of sexual touching Heins committed—there was no information the jury could use to distinguish the acts. Accordingly, we conclude Heins's trial counsel was not constitutionally ineffective for failing to have requested WIS JI—CRIMINAL 517.

### III. Trial counsel did not render constitutionally ineffective assistance by failing to determine pretrial the admissibility of the TikTok video.

¶31 Finally, Heins argues his trial attorney was constitutionally ineffective in his handling of the TikTok video's admissibility. Although the precise contours of his argument on this point are unclear, he posits that it was "not best to hide vital evidence and attempt to use it at trial" without allowing the circuit court the benefit of briefs and time for deliberation and reflection.

¶32 We agree with the circuit court that whether to seek pretrial admissibility of the video was governed by strategic considerations. Trial counsel testified that, aside from the notion that the victim wanted attention, they had no defense insofar as the victim's motive to fabricate the allegations against Heins. Trial counsel testified he discussed specifically with Heins that the video's admissibility was not certain and "that all we could do was possibly set it up for appeal." Trial counsel did not view the video's admissibility as central to the decision of whether to go to trial, and he therefore did not regard a pretrial motion as making a difference.

¶33 Additionally, Heins merely speculates as to what an opportunity for briefing would have added. He does not suggest trial counsel's oral request for admission omitted an argument on any key evidentiary ingredient necessary to secure the video's admission. As a result, he has failed to overcome the presumption that trial counsel provided reasonably effective assistance.

15

Moreover, Heins has not demonstrated that any alternative course of conduct by his trial counsel might have resulted in the video's admission into evidence.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.