COURT OF APPEALS
DECISION
DATED AND FILED

July 11, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2023AP558**

STATE OF WISCONSIN

Cir. Ct. No. 2018CV322

IN COURT OF APPEALS
DISTRICT IV

CTW FLOORING, INC.,

   PLAINTIFF-APPELLANT,

 V.

BRANDON DITTBERNER AND ABC PARTNERSHIP,

   DEFENDANTS-RESPONDENTS.

APPEAL from an order of the circuit court for Columbia County: W. ANDREW VOIGT, Judge. *Affirmed.*

Before Blanchard, Nashold, and Taylor, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM. CTW Flooring, Inc., appeals a circuit court order that: (1) granted a money judgment in CTW's favor against ABC Partnership for

breach of contract, and (2) ordered CTW to release a purported lien that CTW filed against property in Portage, Wisconsin (the Hillside Property), which the court found was owned by Smart Asset, Inc., rather than ABC Partnership. CTW contends that the court was barred by the doctrine of issue preclusion from determining that Smart Asset, rather than ABC Partnership, owned the Hillside Property, based on a previous circuit court finding that ABC Partnership and not Smart Asset owned the Hillside Property. For the reasons set forth in this decision, we reject CTW's arguments. We affirm.[1]

## *Background*

¶2      In January 2017, Brandon Dittberner and Smart Asset created ABC Partnership to construct a residence on the Hillside Property. CTW provided cabinets, countertops, and flooring for the residence. CTW filed this action against Dittberner for breach of contract, claiming that it was not paid for its work. CTW also sought to foreclose on its purported construction lien against the Hillside Property, naming Dittberner and Smart Asset as defendants on the lien foreclosure claim.

---

[1] The parties' briefs do not comply with WIS. STAT. RULE 809.19(8)(bm) (2021-22), which addresses the pagination of appellate briefs. *See* RULE 809.19(8)(bm) (providing that, when paginating briefs, parties should use "Arabic numerals with sequential numbering starting at '1' on the cover"). This rule was amended in 2021, *see* S. CT. ORDER 20-07, 2021 WI 37, 397 Wis. 2d xiii (eff. July 1, 2021), because briefs are now electronically filed in PDF format and electronically stamped with page numbers when they are accepted for e-filing. As our supreme court explained when it amended the rule, the pagination requirement ensures that the numbers on each page of the brief "will match … the page header applied by the eFiling system, avoiding the confusion of having two different page numbers" on every page of a brief. S. CT. ORDER 20-07 cmt. at x1.

All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

¶3     Smart Asset moved for summary judgment on CTW's lien claim. Smart Asset argued that it was the sole owner of the Hillside Property, and that CTW had failed to provide it with the 60-day lien notice required by subcontractors under WIS. STAT. § 779.02(2)(b).  In response, CTW argued that it was entitled to the lien exemption under § 779.02(1)(b) for subcontractors that have contracted directly with the owner of the property at issue because, CTW argued:  (1) the Hillside Property was owned by ABC Partnership, not by Smart Asset; and (2) CTW contracted directly with ABC Partnership through its agent, Dittberner.

¶4     At the summary judgment hearing, Judge Troy Cross rejected Smart Asset's argument that it was the sole owner of the Hillside Property and therefore entitled to notice of CTW's lien.  Rather, Judge Cross determined that the Hillside Property was owned jointly by Smart Asset and Dittberner through the partnership they formed, namely, ABC Partnership.

¶5     Smart Asset argued that, even if ABC Partnership and not Smart Asset owned the Hillside Property, CTW's lien was still invalid because CTW failed to provide the required lien notice to ABC Partnership.  CTW conceded that it had not provided any lien notice to anyone, but it took the position that it was entitled to the lien notice exemption for subcontractors that is contained in WIS. STAT. § 779.02(1)(b) because CTW was a subcontractor that had contracted directly with the property owner.  Smart Asset disputed that CTW was entitled to the lien notice exemption for subcontractors.  It argued that, if ABC Partnership owned the property, then CTW was a "prime contractor" rather than a subcontractor because CTW contracted with the property owner and obtained its materials for the improvement from other suppliers.  *See* § 779.02(1)(a) (lien notice required by "[e]very prime contractor who enters into a contract with the

3

owner for a work of improvement on the owner's land and who has contracted or will contract with any subcontractors, suppliers, or service providers to perform, furnish, or procure labor, services, materials, plans, or specifications" for the improvement).

¶6      Judge Cross determined that CTW became a "prime contractor" by contracting with the owner of the Hillside Property (ABC Partnership) and obtaining material from other suppliers, and that it was therefore not entitled to the exemption for subcontractors under WIS. STAT. § 779.02(1)(b).  Judge Cross determined that, because CTW had not provided a lien notice to any entity, its lien was invalid.  Judge Cross stated that it was granting summary judgment based on CTW's failure to provide the lien notice.  On that basis, Judge Cross issued an order granting summary judgment to Smart Asset and dismissing it from this case.

¶7      CTW filed an amended complaint, adding ABC Partnership as a defendant on its breach of contract claim.  The case proceeded to trial before Judge W. Andrew Voigt.

¶8      CTW filed a post-trial brief arguing that Judge Cross had determined during the summary judgment proceedings that ABC Partnership owned the Hillside Property, and that the parties were bound by that finding.  At a hearing, Judge Voigt determined that ABC Partnership was liable for breaching its contract with CTW, but that Smart Asset, not ABC Partnership, owned the Hillside Property.  Judge Voigt determined that a finding as to ownership was not necessary to Judge Cross's summary judgment decision, and therefore Judge Voigt was not bound by a finding that ABC Partnership owned the property.  ABC Partnership asked Judge Voigt to order CTW to remove the lien on the Hillside Property because the judgment against ABC Partnership could not be satisfied

with Smart Asset's property. Judge Voigt entered an order for a money judgment in favor of CTW against ABC Partnership, and ordered CTW to remove its purported lien against the Hillside Property. CTW appeals.

*Discussion*

¶9 In its sole argument on appeal, CTW contends that Judge Voigt erred by failing to apply issue preclusion to preclude a finding that Smart Asset owned the Hillside Property, based on Judge Cross's earlier finding that ABC Partnership was the owner. CTW does not provide an independent argument on the lien notice issue. We are not persuaded by CTW's sole argument on appeal and accordingly we affirm.

¶10 "Issue preclusion bars the relitigation of issues that have actually been decided in a previous case between the same parties." *State v. Nommensen*, 2007 WI App 224, ¶20, 305 Wis. 2d 695, 741 N.W.2d 481. Our analysis of an issue preclusion claim has two steps. *See Dostal v. Strand*, 2023 WI 6, ¶23, 405 Wis. 2d 572, 984 N.W.2d 382. First, we determine whether, as a matter of law, issue preclusion can be applied. Issue preclusion can only be applied if, as a threshold matter, the issue of fact that a party seeks to preclude from relitigation "was actually litigated and determined in the prior proceeding" and "was essential to the judgment." *Id.*, ¶24. Only if we determine that issue preclusion can be applied as a matter of law, do we move to the second step, in which we determine whether applying issue preclusion would be "fundamentally fair." *Id.*, ¶23.

¶11 CTW argues that the issue of ownership of the Hillside Property was actually litigated and determined during the summary judgment proceedings and that the determination was essential to the summary judgment decision. One part of CTW's argument is that the parties recognized that the ownership of the

Hillside Property was the key issue in dispute on summary judgment. More specifically, CTW contends that Smart Asset argued on summary judgment that: (1) Smart Asset owned the Hillside Property; (2) CTW contracted with Dittberner, who had no ownership interest in the property; and (3) therefore, CTW was a subcontractor that did not contract directly with the owner and thus was required to give the 60-day lien notice under WIS. STAT. § 799.02(2)(b). Thus, CTW argues, Smart Asset's summary judgment argument depended on its argument that it owned the Hillside Property.

¶12    CTW further contends that Judge Cross could not have granted summary judgment to Smart Asset without making the determination that ABC Partnership owned the Hillside Property. Specifically, CTW argues that Judge Cross could not have determined that CTW was required to provide notice of its lien without first finding that ABC Partnership owned the Hillside Property. CTW points out that Judge Cross ultimately agreed with Smart Asset's alternative argument, set forth above, that CTW became a prime contractor by contracting directly with the owner of the property, which Judge Cross determined was ABC Partnership. CTW argues that, to reach the conclusion that CTW was required to give notice of its lien as a prime contractor under WIS. STAT. § 779.02(2)(a), Judge Cross had to determine that CTW contracted directly with the owner, and thus had to determine that the owner was ABC Partnership.

¶13    We conclude that Judge Cross's determination as to the ownership of the Hillside Property was not essential to his summary judgment decision. It was undisputed at the summary judgment hearing that CTW did not provide any lien notice to any party. It is true that Smart Asset's original position was that it was entitled to the lien notice because it was the owner of the property. But, as summarized above, the summary judgment dispute shifted to whether CTW was

required to give notice of its lien to anyone. Smart Asset argued that CTW became a prime contractor because it contracted directly with the owner, which Judge Cross had determined was ABC Partnership, and that CTW was therefore required to give the prime contractor lien notice required under WIS. STAT. § 779.02(2)(a). CTW argued that it was entitled to the exemption for a subcontractor that contracted directly with the owner under § 779.02(1)(b). Judge Cross determined, however, that CTW was a "prime contractor" under the statute and that it was therefore not entitled to the lien notice exemption for subcontractors under § 779.02(1)(b).

¶14 Thus, Judge Cross's finding as to ownership was relevant to the specific arguments raised by the parties at summary judgment. It does not follow, however, that the determination of ownership was essential to the summary judgment decision.

¶15 CTW did not argue at summary judgment that, if Judge Cross determined that Smart Asset owned the property, CTW's lien was valid. Rather, CTW argued only that the statutes provided it a lien notice exemption based on the fact that it contracted directly with the owner of the property, which it contended was ABC Partnership. Judge Cross determined that CTW was not entitled to that exemption because, based on his determination that ABC Partnership was the owner, CTW became a "prime contractor." Critically, on appeal, CTW does not argue that, had Judge Cross determined that Smart Asset owned the property, CTW would not have been required to provide any notice of its lien under WIS. STAT. § 799.02.

¶16 In other words, CTW has not explained why the summary judgment decision would have been different had Judge Cross resolved the dispute between

the parties to determine that Smart Asset, rather than ABC Partnership, owned the Hillside Property. Accordingly, Judge Cross's finding that ABC Partnership, rather than Smart Asset, owned the Hillside Property was not essential to his decision to grant summary judgment to Smart Asset based on CTW's failure to provide a lien notice. Judge Voigt therefore properly declined to apply issue preclusion to the question of the ownership of the Hillside Property. We affirm on that basis.

¶17 Finally, ABC Partnership requests that this court award costs and attorney fees incurred in this appeal pursuant to WIS. STAT. RULE 809.25 on the ground that CTW's entire appeal is frivolous. Whether an appeal is frivolous is a question of law. *Howell v. Denomie*, 2005 WI 81, ¶9, 282 Wis. 2d 130, 698 N.W.2d 621. Sanctions for a frivolous appeal will be imposed if the court concludes that the "party or party's attorney knew, or should have known, that the appeal ... [had no] reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law." *Id.* (alterations in original) (quoting RULE 809.25(3)(c)2.). This standard is objective, so we must examine what a "reasonable party or attorney knew or should have known under the same or similar circumstances." *Id.* We conclude that, under the circumstances of this case, the arguments on appeal do not lack any "reasonable basis in law or equity." *See id.* Accordingly, we conclude that the appeal is not frivolous, and we deny the motion for costs for a frivolous appeal.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.